# SELOVER, BATES AND COMPANY *v.* WALSH.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 22.  Submitted October 29, 1912.—Decided December 2, 1912.

With the ruling of the state court as to the applicability of a state stat-
ute to a particular contract this court has nothing to do. It is con-
cerned only with the question of whether as so applied the law
violates the Federal Constitution.

The court may, through action upon, or constraint of, the person
within its jurisdiction, affect property in other States.

The obligation of a contract is the law under which it was made, even
though it may affect lands in another State; and in an action which

does not affect the land itself but which is strictly personal, the law of the State where the contract is made gives the right and measure of recovery.

A contract made in one State for the sale of land in another can be enforced in the former according to the *lex loci contractu* and not according to the *lex rei sitæ.* *Polson* v. *Stewart*, 167 Massachusetts, 211, approved.

Where the state court has construed a state law as applied to the case at bar, this court will presume that the state court will make the statute effective as so construed in other cases. This court will not anticipate the ruling of the state court.

A state statute providing that the vendor of lands cannot cancel the contract without reasonable written notice with opportunity to the vendee to comply with the terms is within the police power of the State; and so *held* that Chapter 223 of the Laws of 1897 of Minnesota is not unconstitutional under the Fourteenth Amendment as depriving a vendor of his property without due process of law or denying him the equal protection of the law.

The test of equal protection of the law is whether all parties are treated alike in the same situation.

Contentions as to unconstitutionality of a state statute not made in the court below cannot be made in this court.

A corporation cannot claim the protection of the clause of the Fourteenth Amendment which secures the privileges and immunities of citizens of the United States against abridgment or impairment by the laws of a State. *Western Turf Association* v. *Greenburg*, 204 U. S. 359.

109 Minnesota, 136, affirmed.

THE facts, which involve the construction of a contract made in Minnesota for sale of land situated in Colorado, and the application thereto of a statute of Minnesota, are stated in the opinion.

*Mr. Arthur W. Selover* for plaintiff in error:

The *lex loci rei sitæ* applies to all matters with reference to the transfer of lands, including contracts for the purchase and sale thereof.

The law of the State in which mortgaged property is situated governs the redemption. *Brine* v. *Insurance Co.,*

96 U. S. 627; Dicey, Conflict of Laws, 573; Story, Conflict of Laws, p. 591; *Tillotson* v. *Prichard*, 60 Vermont, 94, 107; *In re Kellogg*, 113 Fed. Rep. 120; *Bendey* v. *Townsend*, 109 U. S. 665; *Orvis* v. *Powell*, 98 U. S. 176; *Smith* v. *Smith*, 102 U. S. 442; *Mason* v. *N. W. Mutual Life Ins. Co.*, 106 U. S. 163; *Parker* v. *Dacres*, 130 U. S. 43.

Capacity to contract regarding the sale of lands depends on the laws of the State wherein the lands are situate. Rorer on Inter-State Law, 190, 209, and see p. 167.

The courts of one State cannot order the sale of lands in another. *Watkins* v. *Holman*, 16 Pet. 26, 57; *United States* v. *Fox*, 94 U. S. 315, 320.

That state laws have no extra-territorial effect is undoubted. *Brine* v. *Hartford Fire Ins. Co.*, supra; *Lyons* v. *McIlvaine*, 24 Iowa, 9.

A statute of redemption affects the right and not the remedy. *Bronson* v. *Kinzie*, 1 How. 311, 314; *Green* v. *Biddle*, 8 Wheat. 75, 84.

The common-law right of termination entered into this contract in its inception and the right of the vendor to foreclose in this matter is just as binding as would have been the right of redemption of the vendee had one been given him by statute in Colorado at that time.

Under the common law parties have the right to contract as they will respecting time being of the essence of such a contract and as to the conditions and circumstances under which said contract shall terminate; and the courts will respect and carry out such stipulations to the letter. *MacKey* v. *Ames*, 31 Minnesota, 103; *Schuman* v. *Mack*, 35 Minnesota, 279; *Dana* v. *St. P. Inv. Co.*, 42 Minnesota, 194; *Pagel* v. *Park*, 50 Minnesota, 186; *Joselyn* v. *Schwend*, 85 Minnesota, 130; *Tinque* v. *Patch*, 93 Minnesota, 437; *Schwab* v. *Baremore*, 95 Minnesota, 295; *Crisman* v. *Miller*, 21 Illinois, 227–235; *Heckord* v. *Sayne*, 34 Illinois, 142; *Apking* v. *Hoffer*, 104 N. W. Rep. (Neb.) 1; *Iowa R. L. Co.* v. *Mickel*, 41 Iowa, 402; *St. Louis Trust Co.* v.

*York,* 81 Mo. App. 342; *Coughran* v. *Bigelow,* 9 Utah, 200; *Woodruff* v. *Semi Tropic Land & Water Co.,* 87 California, 275; *Oxford* v. *Thomas,* 160 Pa. St. 8; *Gilbert* v. *Union Pacific R. R. Co.,* 112 N. W. Rep. (Neb.); *Murphy* v. *McIntyre,* 116 N. W. Rep. (Mich.) 197.

Any attempt on the part of the State of Minnesota to authorize the foreclosure of such a contract would be, if effective to any degree as against the non-resident vendee, a taking of his property without due process of law and would deny him the equal protection of the laws. *Pennoyer* v. *Neff,* 94 U. S. 714.

It is physically impossible for the vendor in this contract to comply with any of the requirements of the said statute or to obtain any benefit from its provisions. *Edwards* v. *Kearzey,* 96 U. S. 595; *Fletcher* v. *Peck,* 6 Cranch, 87; *Green* v. *Biddle,* 8 Wheat. 1; *Sturges* v. *Crowninshield,* 4 Wheat. 122; *Ogden* v. *Saunders,* 12 Wheat. 213; *Bronson* v. *Kinzie,* 1 How. 311; *McCracken* v. *Hayward,* 2 How. 608; *Curran* v. *Arkansas,* 15 How. 304; *Freeman* v. *Howe,* 24 How. 450; *Von Hoffman* v. *Quincy,* 4 Wall. 535; *Hawthorne* v. *Calef,* 2 How. 10; *White* v. *Hart,* 13 Wall. 646; *Gunn* v. *Barry,* 15 Wall. 610; *Walker* v. *Whitehead,* 16 Wall. 314.

The state court describes this statute as one authorizing the summary termination of the contract, and a divestiture of the equitable rights of the vendee must be directly complied with. *Hage* v. *Benner,* 111 Minnesota, 305.

Such statute is beyond the power of the State to enact or enforce. *Bronson* v. *Kinzie,* 1 How. 311; *Watts* v. *Waddell,* 6 Pet. 389; *Kendall* v. *United States,* 12 Pet. 524; *Boswell* v. *Otis,* 9 How. 336; *Howes* v. *Hardeman,* 14 How. 334; *Tennessee* v. *Sneed,* 96 U. S. 69; *Allis* v. *Insurance Co.,* 97 U. S. 145; *Orvis* v. *Powell,* 98 U. S. 176; *Schley* v. *Pullman Palace Car Co.,* 120 U. S. 575; *Langdon* v. *Sherwood,* 124 U. S. 74; *Bacon* v. *Northwestern Mutual Ins. Co.,* 131 U. S. 258; *McGahey* v. *Virginia,* 135 U. S. 662–694;

*Goldey* v. *Morning News*, 156 U. S. 521; *Barwitz* v. *Beverly*, 163 U. S. 127; *DeVaughn* v. *Hutchinson*, 165 U. S. 570; *Duer* v. *Blockman*, 169 U. S. 243, 247; *Caledonia Coal Co.* v. *Baker*, 196 U. S. 444; *Ex parte Young*, 209 U. S. 123; *Fall* v. *Eastin*, 215 U. S. 1–8; *Kuhn* v. *Fairmont Coal Co.*, 215 U. S. 349, 367; *Benedict* v. *St. Joseph W. Ry. Co.*, 19 Fed. Rep. 176; *Singer Mfg. Co.* v. *McCullock*, 24 Fed. Rep. 669; *Union Mutual Ins. Co.* v. *Union Mills Co.*, 37 Fed. Rep. 292; *Central Trust Co.* v. *Union Ry. Co.*, 65 Fed. Rep. 257; *Southern Ry. Co.* v. *Bouknight*, 70 Fed. Rep. 442, 446; *Deck* v. *Whitman*, 96 Fed. Rep. 873, 884; *Nelson* v. *Potter*, 50 N. J. Law, 324, 326; *Lindley* v. *O'Reilly*, 50 N. J. Law, 636, 643; *Second Ward Bank* v. *Schrank*, 97 Wisconsin, 250, 262; *Griffin* v. *Griffin*, 18 N. J. Eq. 104, 107; *Jackson* v. *Dunlap*, 1 Johns. 114; *Jackson* v. *Parkhurst*, 4 Wend. 369; *Rockwell* v. *Hobby*, 2 Sanford C. R. 9.

Considered from an international point of view, jurisdiction to be rightfully exercised must be founded upon the person being within the territory—for otherwise there can be no sovereignty exercised. Story on Conflict of Laws, 754; Wharton on Conflict of Laws, 64; *Boswell's Lessee* v. *Otis*, 9 How. 336, 348; *United States* v. *Fox*, 94 U. S. 315; *Freeman* v. *Alderson*, 119 U. S. 185; *Arndt* v. *Griggs*, 134 U. S. 316, 320; *Dewey* v. *Des Moines*, 173 U. S. 193, 204; *Overby* v. *Gordon*, 177 U. S. 214, 222; *Old Wayne Ins. Co.* v. *McDonough*, 204 U. S. 8, 21.

The doctrine of *Pennoyer* v. *Neff* is followed and the previous decisions of the Massachusetts court to the contrary overruled. *Elliot* v. *McCormick*, 144 Massachusetts, 10, and see *Cooper* v. *Reynolds*, 10 Wall. 308; *Eastman* v. *Wadleigh*, 67 N. H. 251; *Esterly* v. *Goodwin*, 35 Connecticut, 273, 277.

Strictly speaking the contract was not made in Minnesota, and the holding of the court below that it was is against the great weight of authority. The contract became effective upon its acceptance and signature by the

vendee in North Dakota. *Killeen* v. *Kennedy*, 90 Minnesota, 414; *Stockham* v. *Stockham*, 32 Maryland, 196; *Milliker* v. *Pratt*, 125 Massachusetts, 374; *Bauer* v. *Shaw*, 168 Massachusetts, 198; *Abbott* v. *Shepard*, 48 N. H. 14; *Hass* v. *Myers*, 111 Illinois, 421; *Crandall* v. *Willig*, 166 Illinois, 233; *Patrick* v. *Bowman*, 149 U. S. 411, 424; *Machine Co.* v. *Richardson*, 89 Iowa, 525; *Cooper* v. *Company*, 94 Michigan, 272; *Tolman Co.* v. *Reed*, 115 Michigan, 71; 2 Kent's Comm. 47; 1 Parsons, Contracts, 475; 1 Story, Contracts, 490; Hilliard on Sales, § 20; Benjamin on Sales, § 73; *Bascom* v. *Ediker*, 48 Nebraska, 380; *Gay* v. *Rainey*, 89 Illinois, 221; *Eliason* v. *Henshaw*, 4 Wheat. 225; *McIntyre* v. *Parks*, 3 Metc. (Mass.) 207; *Buchanan* v. *Bank*, 55 Fed. Rep. 223; *Western &c. Co.* v. *Kilderhouse*, 87 N. Y. 430.

The place of the acceptance of a proposition is the place of the contract. Where a written contract, signed by one party is forwarded to be signed by another the place of signature or assent is the place of the contract. Wharton on Conflict of Laws, 886; *Emerson Co.* v. *Proctor*, 97 Maine, 360; *Northampton Insurance Co.* v. *Tuttle*, 40 N. J. Law, 176; *Hill* v. *Chase*, 143 Massachusetts, 129; *Morehouse* v. *Terrill*, 111 Ill. App. 460; *Born* v. *Insurance Co.*, 120 Iowa, 290; *Lawson* v. *Tripp*, 90 Pac. Rep. 500; *Gallaway* v. *Standard Ins. Co.*, 45 W. Va. 237; *Rickard* v. *Taylor*, 122 Fed. Rep. 931; *Newlin* v. *Prevo*, 90 Ill. App. 515; *Central of Georgia Railway* v. *Gortalowiski*, 123 Georgia, 366; *Waldron* v. *Ritchings*, 9 Abb. Pr. (N. S.) 359; *Aultman, Millers Co.* v. *Holder*, 68 Fed. Rep. 467; *Perry* v. *Iron Co.*, 15 R. I. 380; *Cobb* v. *Dunleavi*, 6 S. E. Rep. 384; *Bank* v. *Doedny*, 113 N. W. Rep. 81.

Contract made by telephone by persons in different counties is made where the person is who accepts the offer of the other. *Bank of Yolo* v. *Sperry Flour Co.*, 90 Pac. Rep. (Cal.) 855.

The act of performance, default in which gave the admitted right to terminate the contract, arose not in

Minnesota but in Colorado where alone the taxes were to be paid. There was no breach at the time of any act to be performed by the vendee in Minnesota.

Such statutes are void as depriving plaintiff in error of its liberty of contract without due process of law. *Mathews* v. *People*, 202 Illinois, 389; *Gillespie* v. *People*, 188 Illinois, 176.

With the constitutional right to contract and terminate contracts, the legislature cannot interfere. *Ritchie* v. *People*, 155 Illinois, 98; *Frorer* v. *People*, 141 Illinois, 172; *State* v. *Julow*, 129 Missouri, 163; *Cleveland* v. *Clements Brothers*, 67 Oh. St. 197; *Shaughnessey* v. *American Surety Co.*, 138 California, 543; *State* v. *Robbins*, 71 Oh. St. 273; 290; *Kuhn* v. *Common Council*, 70 Michigan, 534; *Andrews* v. *Beane*, 15 R. I. 451; *Powers* v. *Shephard*, 45 Barb. 524.

The statute here involved denies the right of contracting parties to fix the terms on which their contract shall terminate or to waive notice of termination. This has been held to be an unwarranted interference with the right to contract. *Shaver* v. *Pennsylvania Co.*, 71 Fed. Rep. 931.

This court in several important cases has affirmed the same doctrine under the provisions of the Fifth and Fourteenth Amendments. *Lochner* v. *New York*, 198 U. S. 45; *Adair* v. *United States*, 208 U. S. 161; *Allgeyer* v. *Louisiana*, 165 U. S. 578.

Liberty of contract is subject to reasonable police regulation by the State, but only with respect to a subject-matter over which it has jurisdiction. To prohibit the making of a certain kind of contract respecting the transfer of land in another State, is to deprive the citizen of his liberty of contract.

Such statutes are void as depriving the plaintiff in error of its property without due process of law.

Abolishment of all remedy is objectionable to the Con-

stitution in that it deprives the citizen of his property without due process of law. Black on Const. Prohibitions, §§ 146–171; Sutherland on Stat. Const., 1206; *Butz* v. *Muscatine*, 8 Wall. 575.

Such statutes are void because they deny to the plaintiff in error the equal protection of the laws.

A transfer or a right to transfer immovable property cannot be subject to regulations at the same time by two different and distinct sovereignties. In so far as the State of Minnesota penalizes its resident owner because he has obeyed the law of the State or country wherein the land is situated—the law which he must be subject to—just so far does it exceed its powers and deny to its citizen the equal protection of the laws. *Price* v. *Pennsylvania*, 113 U. S. 218; *Allen* v. *St. Louis Bank*, 120 U. S. 27; *Gulf, C. & S. F. R. Co.* v. *Ellis*, 165 U. S. 150; *Magoun* v. *Illinois Trust Co.*, 170 U. S. 283; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 544; *Massie* v. *Cesna*, 239 Illinois, 352; *Cincinnati S. R. Co.* v. *Snell*, 193 U. S. 30; *Ex parte Hollman*, 60 S. E. Rep. 19, 25; *Ex parte Hawley*, 115 N. W. Rep. 93; *American T. Co.* v. *Superior Court*, 90 Pac. Rep. 15; *In re Van Horne*, 70 Atl. Rep. 986; *Greene* v. *State*, 122 N. W. Rep. 6; *Lovely* v. *M., K. & T. Ry. Co.*, 120 S. W. Rep. 852; *Hoxie* v. *N. Y., N. H. & H. R. Co.*, 73 Atl. Rep. 754; *Employers' Liability Cases*, 207 U. S. 463, 501; *Seaboard Air Line* v. *Railway Com'rs*, 155 Fed. Rep. 792; *Board of Education* v. *Alliance Assurance Co.*, 159 Fed. Rep. 994; *Phipps* v. *Wisconsin Central Ry. Co.*, 133 Wisconsin, 153.

By this decision the court below refused to give full faith and credit to the acts and records of Colorado. *Chicago &c. Railway Co.* v. *Wiggins Ferry Co.*, 119 U. S. 622; *Northern Mutual Bldg. Ass'n* v. *Brahan*, 193 U. S. 647; *Minnesota* v. *Northern Securities Co.*, 194 U. S. 72.

Such legislation and the holding therein of the court below make and enforce a law which abridges the privileges and immunities of plaintiff in error as a citizen of

the United States. *Ex parte Virginia*, 100 U. S. 347; *Chicago &c. Railway Co.* v. *Chicago*, 166 U. S. 234; *Missouri* v. *Dockery*, 191 U. S. 170; *Huntington* v. *New York*, 118 Fed. Rep. 686.

*Mr. A. B. Choate* and *Mr. George W. Buffington* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Error to the Supreme Court of Minnesota to review a judgment of that court awarding damages to defendant in error for a breach by plaintiff in error of an executory contract for the sale of land situated in the State of Colorado.

The contract was made by one Bates for plaintiff in error at the office of the latter, in the city of Minneapolis, he being one of its officers, with P. D. Walsh, the husband of defendant in error. Walsh, however, actually signed the contract at his residence in South Dakota. He subsequently assigned his interest to her as Bates did to plaintiff in error.

Plaintiff in error, asserting that Walsh had made default of the terms of the contract, canceled it and subsequently sold the land to other parties. This action was then brought by defendant in error, resulting in a judgment for her which was affirmed by the Supreme Court. 109 Minnesota, 136.

By the contract Bates, the assignor of plaintiff in error, covenanted to convey the land to Walsh, the assignor of defendant in error, reserving certain mining rights therein. Payments were to be made in installments at the office of plaintiff in error in Minneapolis, punctually; and it was stipulated "that time and punctuality" were "material and essential ingredients" of the contract. It was covenanted that in case of failure to make the payments

"punctually and upon the strict terms and times" limited, and upon default thereof or in the strict and literal performance of any other covenant, the contract, at the option of the party of the first part (Bates) should become utterly null and void and the rights of the party of the second part (Walsh) should "at the option of the party of the first part utterly cease and determine" as if "the contract had never been made." There was forfeiture of the sums paid and a reversion of all rights conveyed, including the right to take immediate possession of the land "without process of law," and it was covenanted that no court should "relieve the party of the second part upon failure to comply strictly and literally" with the contract.

The default of Walsh consisted in the failure to pay taxes, and plaintiff in error elected to terminate the contract, and gave notice of such election to him in writing in the State of North Dakota. Against the effect of such default and notice defendant in error opposed Chapter 223, Laws of Minnesota (Laws of 1897, p. 431), which provides that a vendor in a contract for the sale of land shall have no right to cancel, terminate or declare a forfeiture of the contract except upon thirty days' written notice to the vendee and that the latter shall have thirty days after service of such notice in which to perform the conditions or comply with the provisions upon which default shall have occurred.

The trial court and the Supreme Court held the statute applicable and judgment went, as we have said, for defendant in error. This ruling is attacked on the ground that as so applied the statute offends against the Fourteenth Amendment of the Constitution of the United States in that it deprives plaintiff in error of its property without due process of law and of the equal protection of the laws.

With the ruling of the court as to the applicability of the statute to the contract we have nothing to do. We are

only concerned with the contention that, as so applied, it violates the Fourteenth Amendment. Of this the Supreme Court said (p. 138):

"There can be no serious question as to the constitutionality of the statute. It in effect prescribes a period of redemption in contracts of this character, and was within the power and authority of the legislature. Defendants' principal contention on this branch of the case is not so much that the statute is unconstitutional as that it should not be construed to apply to contracts made in Minnesota for the sale of land in another state. There is force in this contention; but within the rule of the *Finnes Case*, which a majority of the court do not feel disposed to reconsider, the action does not involve the title to the land, is purely personal, and the rights of the parties are controlled by the laws of this State. Under the decision in that case, defendants had no right arbitrarily to declare the contract at an end and refuse to perform it, and are liable for such damages as their refusal caused plaintiff. Following the *Finnes Case*, we have no alternative but to affirm the action of the court below."

This excerpt clearly presents the ground of the court's decision, and we may put in contrast to it the contention of plaintiff in error. Its contention is that the contract itself provided for the manner of its termination and made exact punctuality the essence of its obligation, and that the statute of the State, as it exempts from such obligation, deprives plaintiff in error of its property without due process of law. The argument to support the contention is somewhat confused, as it mingles with the right of contract simply a consideration of the State's jurisdiction over the land which was the subject of the contract. As to the contract simply we have no doubt of the State's power over it, and the law of the State, therefore, constituted part of it. It is elementary that the obligation of a contract is the law under which it was made, and we are

not disposed to expend much time to show that the Minnesota statute was a valid exercise of the police power of the State. *C., B. & Q. R. R. Co.* v. *McGuire*, 219 U. S. 549; *Broadnax* v. *Missouri, Id.* 285. Whether it had extra-territorial effect is another question. The contention is that the statute as applied affected the transfer of land situated in another State and outside of, therefore, the jurisdiction of the State of Minnesota. In other words, it is contended that the law of Colorado, the situs of the property, is the law of the contract. The principle is asserted in many ways and with an affluent citation of cases. The principle cannot be contested, but plaintiff in error pushes it too far. Courts in many ways through action upon or constraint of the person affect property in other States (*Fall* v. *Eastin*, 215 U. S. 1), and in the case at bar the action is strictly personal. It in no way affects the land or seeks any remedy against it. The land had been conveyed to another by plaintiff in error and it was secure in the possession of the purchaser. Redress was sought in a Minnesota court for the violation of a Minnesota contract, and, being such, the law of Minnesota gave the right and measure of recovery.

In *Polson* v. *Stewart*, 167 Massachusetts, 211, a contract made in North Carolina between a husband and wife, who were domiciled there, by which he covenanted to surrender, convey and transfer all of his rights to lands owned by her in Massachusetts, was declared to be a North Carolina contract and enforceable in Massachusetts notwithstanding that under the law of the latter State husband and wife were incapable of contracting with each other. To the objection that the 'laws of the parties' domicile could not authorize a contract between them as to lands in Massachusetts, it was answered (p. 214), "Obviously this is not true. It is true that the laws of other States cannot render valid conveyances to property within our borders which our laws say are void, for the

plain ·reason that we ·have exclusive power over the *res* ⸰ · . . . But the same reason inverted establishes that the *lex rei.sitæ* cannot control personal covenants, not purporting to be conveyances, between persons outside the jurisdiction, although concerning a thing within it. Whatever the covenant, the laws of North Carolina could subject the defendant's property to seizure on execution, and his person to. imprisonment, for a failure to perform it. Therefore, on principle, the law of North Carolina determines the validity of the contract." Precedents against the view were noted and contrasted with those supporting it.

The case at bar is certainly within the principle expressed in *Polson·.v.. Stewart.* · The Minnesota Supreme Court followed the prior decision in *Finnes* v. *Selover, Bates & Co.,* 102 Minnesota, 334, in which it said (p. 337) ·· that upon repudiation of a contract by the seller of land two courses were open to the purchaser: "He might stand by the contract and seek to recover the land, or he could declare upon a breach of the contract and recover the amount of his damages." If he elected the former, it was further said, the courts of Colorado alone could give him relief; if he sought redress in damages the courts of Minnesota were open to him. And this, it was observed, was in accordance with the principle that the law of the situs governs as to the land, and the law of the contract as to the rights of the parties in the contract.

Plaintiff in error bases a contention upon the difficulty of complying with the provisions of the statute with regard to giving notice. Written notice is, as we have seen; necessary to be given of any default, and the time when the cancellation of the contract shall take effect, which must not be less than thirty days after the service; and it is provided that the notice must be served in the manner provided for service of summons in the District Court if the vendee resides in the county where the real estate covered by the contract is situated. If the vendee is not

within the county where the real estate is situated, then notice must be served by publication in a weekly newspaper within the county, or, if there is none in the county, then in a newspaper published at the capital of the State. And it is provided that the vendee shall have thirty days after service to perform the conditions or comply with the provisions. The contention is that these provisions cannot be complied with either in Minnesota or Colorado and that plaintiff in error is brought to the dilemma of not being able to cancel the contract whatever be the default.

The dilemma was not presented to the Supreme Court of the State for resolution, as plaintiff in error had made no attempt to comply with the statute in any way. As that court held the statute applicable to contracts such as that under review, it will, no doubt, in a proper case, so construe the statute as to make it effective. We are not called upon to anticipate its ruling.

It is manifest from these views that plaintiff in error was not by the enforcement of the Minnesota statute deprived of its property without due process of law.

It is further contended that the Minnesota statute denies plaintiff in error the equal protection of the laws and is therefore void. In specification of the way in which this is done plaintiff in error says: "In so far as the State of Minnesota penalizes its resident owner because he has obeyed the laws of the State or country wherein the land is situated—the law which he must be subject to—just so far does it exceed its powers and deny to its citizens the equal protection of the laws." This manifestly is but another way of presenting the argument, which we have answered, that the law of Colorado controls the contract and not the law of Minnesota. Discrimination is not made out by saying that resident owners of Minnesota land are given a right to foreclose their contracts and that residents of Minnesota owning land in other States are not given the same right, even if this were true. The plaintiff

in error is not treated differently from any other seller of land in his situation. This is the test of the application of the equal protection clause of the Constitution of the United States.

Plaintiff in error further charges that the Supreme Court of the State refused to give full faith and credit to the acts and records of Colorado. The contention was not made in the court below and cannot be made here. The same comment is applicable to the contention that privileges and immunities of plaintiff in error as a citizen of the United States are abridged. We may say of the contentions that they are but a repetition of the view that the law of Colorado and not that of Minnesota governs the contract. And we may say further it is well settled that a corporation cannot claim the protection of the clause of the Fourteenth Amendment which secures the privileges and immunities of citizens of the United States against abridgment or impairment by the law of a State. *Western Turf Asso.* v. *Greenberg*, 204 U. S. 359.

*Judgment affirmed.*

THE CHIEF JUSTICE and MR. JUSTICE VAN DEVANTER dissent.