## GREEN v. TUTTLE.*

(Circuit Court of Appeals, Eighth Circuit. November 10, 1924.)

No. 6622.

Limitation of actions ⇐⇒2(1)—Action for share of profits of joint venture controlled by statute of state in which action brought.

Where parties to joint venture in land were both residents of North Dakota, in which land was situated, but contract was made in Minnesota, action prosecuted in Minnesota courts to recover share of profits is personal, and Minnesota statute of limitations must control.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action at law by J. S. Green against William P. Tuttle, removed from Minnesota state court. Judgment for defendant on directed verdict, and plaintiff brings error. Reversed and remanded.

Frank J. Morley, of Minneapolis, Minn. (Kingman, Cross, Morley & Cant, of Minneapolis, Minn., on the brief), for plaintiff in error.

Walter W. Patterson, of Minneapolis, Minn. (Aubrey Lawrence, of Fargo, N. D., and William H. McGrath, of Minneapolis, Minn., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. This is a case originally begun in the Minnesota state court, and from thence removed to the District Court of the United States for the District of Minnesota. It is an action in which the plaintiff seeks to recover of the defendant one-third of the profits alleged to

*Rehearing denied February 11, 1925.

have accrued from a joint venture of plaintiff, defendant, and one other, under an oral express contract in the purchase and subsequent sale at a profit of real estate. One-third of the entire profits are alleged to have been approximately $10,000. The defendant by way of answer pleads a general denial, the statute of frauds, and the statute of limitations of the state of North Dakota. To this answer a reply in the nature of a general denial is interposed.

The case proceeded to trial before the court and jury, and at the conclusion of the evidence, upon motion of the defendant, the trial court directed a verdict for the defendant, upon the ground that the statute of limitations of the state of North Dakota controlled the controversy, and that the statute had run against the claim of plaintiff, to which ruling of the court the defendant at the time excepted and brings the case here on error.

The testimony upon the trial tends to disclose the following facts: Early in the year 1907 the plaintiff was about to become the purchaser of a tract of land located in the state of North Dakota. At the city of St. Paul, in the state of Minnesota, plaintiff, came in touch with one Pettibone, and through him with the defendant Tuttle, at which time the three entered into an oral contract, in which it was agreed that Tuttle would advance the money for the purchase of the land and the other two would contribute their services to a sale of it, and that the profits realized should be divided equally among them. A cash payment of $500 was made by Tuttle, and subsequently a contract entered into with the owner for the purchase of the land. The evidence of the plaintiff shows that both Pettibone and Tuttle made some effort to sell the land. Subsequently, and in the year 1909, the land was sold, though not through any purchaser secured by plaintiff, under the terms of which sale the defendant received a part of the consideration in cash and promissory notes for the balance, payable at intervals, secured by a mortgage upon the land sold. The sale price exceeded the purchase price by approximately $30,000. The notes were not all paid when due, but were subsequently paid to the defendant, so that some time in 1917 the entire amount of the notes had been fully paid. About September, 1918, the plaintiff brought this action. From 1909 until approximately the time the action was brought, the plaintiff was engaged in other business in the Northwest in the states of Washington and Montana, and

claimed that he knew nothing of the sale of the land by the defendant. At the time the alleged joint venture contract was entered into in the city of St. Paul, Minn., the plaintiff, defendant, and Pettibone were all residents of the state of North Dakota, and the land in controversy was situated in the state of North Dakota.

Three points of law appear to be involved in this controversy: First, as to whether or not the action is one for money had and received, as claimed by plaintiff, an action on an express contract or an action based on fraud; second, as to when plaintiff's cause of action accrued, whether at the time the sale of the land was consummated and the notes taken in part payment of the purchase price, or after the notes had been collected so that a profit in cash had been received; and, third, whether or not the statute of limitations of the state of North Dakota controlled the controversy and had run against the claim.

It will be remembered that the defendant pleaded in his answer as a defense that plaintiff's cause of action was barred by the statute of limitations of the state of North Dakota, and the trial court sustained this plea. While the plaintiff and defendant were at the time of making the joint venture contract both residents of the state of North Dakota, and the land which was the subject of the joint venture was situated in the state of North Dakota, the alleged contract itself was entered into in the state of Minnesota and the action is being prosecuted in the courts of the latter state. Under these circumstances, should the statute of limitations of North Dakota or Minnesota control? The transaction directly involved is a joint venture, calling for an ultimate division of the profits, and in no way concerns the title to the real estate, which is undisputedly resting in a third party. It is therefore a personal action between the plaintiff and defendant. In our opinion, in such a case, the statute of limitations of the state in which the action is brought must control.

The rule is laid down in 25 Cyc. at page 1018, in the following language:

"As a general rule since statutes of limitations affect the remedy only an action on a contract is governed by the lex fori, that is, by the statutes of the state or country in which the action is brought, and not by the lex loci contractus, or the lex domicilii."

A very clear expression of the rule is set forth in the case of Michigan Insurance Bank v. Eldred, 130 U. S. 693, where at page 696, 9 S. Ct. 690, 691 (32 L. Ed. 1080), Mr. Justice Gray, speaking for the Supreme Court, says:

"Statutes of limitation of personal actions are laws affecting remedies only, and not rights, as is clearly shown by the decisions that the only statutes of limitations applicable to such an action are the statutes of the state where the action is brought, and not those of the state where the cause of action arose."

Another statement of the rule is found in the case of Scudder v. Union National Bank, 91 U. S. 406, at page 412 (23 L. Ed. 245), which says:

"Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought."

Other cases in point are Selover v. Walsh, 226 U. S. 112, 33 S. Ct. 69, 57 L. Ed. 146; McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177; Willard v. Wood, 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531; Flowers v. Foreman, 23 How. 132, 16 L. Ed. 405; Townsend v. Jemison, 9 How. 407, 13 L. Ed. 194; Union Pacific Ry. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.

Inasmuch as the statute of limitations of North Dakota was pleaded by the defendant as a bar to the action, and the action was not controlled as to limitations by the statute of that state, the ruling of the trial court in sustaining that plea was error. What might have been the action of the trial court in the event the statute of limitations of the state of Minnesota had been pleaded, it is not necessary here to determine, as such an issue is not before this court; and as the case must be reversed upon the ground stated, and inasmuch as under any theory it is a personal action, neither is it necessary to determine the precise nature of the action nor the time when it accrued.

For the reasons stated, the case will be reversed and remanded.