## ROOS v. ROOS et al.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1924.)

No. 4327.

1. Courts ⊜18—District Court had jurisdiction to determine interest in oil lease on land in foreign country.

In suit involving issue as between plaintiff and one defendant of interest in oil lease to which other defendant had legal title, in which other defendant denied ownership of interest in controversy and offered to pay proceeds represented by such interest into court, the District Court had jurisdiction of petition of intervention of third party, who claimed half interest of first defendant's interest, though the land was in other country.

2. Courts ⊜17—District Court can distribute funds in its custody, though construction of laws of foreign country is necessary.

The District Court has power to distribute funds in its custody, although in doing so it becomes necessary to construe the laws of a foreign country.

3. Courts ⊜18—District Court could direct conveyance of share of leasehold interest in foreign country.

District Court, having jurisdiction of proceeds of sale of oil, an action involving ownership of an interest in oil lease, as between a defendant and intervener, could direct conveyance of interest to intervener of her share in leasehold interest, though land is in foreign country, and effect of such conveyance would be question for determination by courts of such country.

Appeal from the District Court of the United States for the Western District of Texas; Du Val West, Judge.

Suit by S. J. Conn, trustee in bankruptcy, against Edward Roos and another, in which Mrs. Clara Carter Roos filed a petition of intervention. From an order dismissing the petition of intervention, petitioner appeals. Reversed and remanded.

Lewis R. Bryan, of Houston, Tex., and Seth S. Searcy, of San Antonio, Tex. (Clamp & Searcy, of San Antonio, Tex., and Bryan, Dyess & Colgin, of Houston, Tex., on the brief), for appellant.

William Aubrey and J. B. Lewright, both of San Antonio, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an appeal from an order of the District Court dismissing appellant's petition of intervention in a suit, for lack of jurisdiction of the subject-matter. In the main suit a trustee in bankruptcy is attempting to assert an interest of the bankrupt in an oil and gas lease, on lands in the republic of Mexico, as against Edward Roos, appellee here, and the Texas Company of Mexico. The trustee averred that the company held legal title to the lease, but that an undivided three-eighths thereof was held by it in trust for Roos, and that the bankrupt estate was entitled to one-half of Roos's interest. Roos answered, and claimed the three-eighths beneficial interest for himself alone. The Texas Company in its answer admitted that the legal title, which it held to the whole of the lease, was subject to a trust as to three-eighths thereof in favor of Roos, and that it was ready and willing to pay over three-eighths of a large amount of net profits to the party or parties entitled to receive the same, and prayed the court to determine the respective rights of the trustee and Roos.

The appellant intervened for the purpose of being awarded one-half of whatever net profits should be awarded to Roos, and also one-half of his beneficial interest in the lease held by the Texas Company of the lands in Mexico. The allegations in the petition material to be stated are as follows:

Mrs. Roos, appellant, and Edward Roos, appellee, were married in 1905, lived together as husband and wife until August, 1915, and were divorced in June, 1918. In July, 1918, appellant, being wholly ignorant and uninformed as to appellee's financial condition, was induced, without consideration and by appellee's fraud, to quitclaim and release to him all her interest in community property, except the homestead, theretofore owned by them. In 1915 appellee acquired his interest in the oil lease in Mexico. By amendment to her petition, the appellant pleaded the laws of Mexico relative to community property, to the effect that all property acquired by the husband while the marriage existed should be held in common as between husband and wife. The motion to dismiss appellant's petition is based entirely upon the ground that the District Court was without jurisdiction, because the petition sought to establish title to real estate in Mexico.

[1, 2] The District Court had jurisdiction over the parties. The requisite diversity of citizenship appears from the record. It also had jurisdiction of proceeds derived from the sale of oil by the Texas Company, which prayed to be allowed to pay the net profits in dispute in the main suit into the registry of the court for distribution. That much is admitted in the main suit, and, being so, the appellant is as much entitled to her share as the other parties are entitled to their shares. The claims of all parties are asserted against funds derived from

the sale of oil produced out of lands in a foreign country. The District Court has the power to distribute funds in its custody, although in doing so it becomes necessary to construe the laws of a foreign country. Compania Transcontinental de Petroleo v. Mexican Gulf Oil Co. (C. C. A.) 292 F. 846. This principle of law has frequently been asserted by the Supreme Court in cases of conflict of law between states of the Union, which, as to the question of jurisdiction, are foreign to each other. Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181; Carpenter v. Strange, 141 U. S. 87, 11 S. Ct. 960, 35 L. Ed. 640; Fall v. Eastin, 215 U. S. 1, Selover v. Walsh, 226 U. S. 112, 33 S. Ct. 69, 57 L. Ed. 146.

[3] It is proper also to state that in our opinion the trial court, in the event it finds for the appellant on the merits, has the additional power to direct a conveyance to her of her share of the leasehold interest in Mexico by or on behalf of the appellee. Carpenter v. Strange, supra. The District Court has this power, even though the effect of such conveyance would be a question for determination by the courts of Mexico.

The decree of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.