Angelina **FORMANT** and Mary Murr, a/k/a Mary Muir, Appellants,

v.

Frank J. **BELL** and Floyd E. Davis Company, a corporation, Appellees.

No. 4360.

District of Columbia Court of Appeals.

Submitted Dec. 2, 1968.

Decided Feb. 25, 1969.

No appearance for appellants.

S. Churchill Elmore, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellant Formant, through appellant Murr as a straw party, contracted to purchase from appellee Bell certain land located in Virginia. The sale was arranged

by a duly licensed salesman of appellee Floyd E. Davis Company, a District of Columbia corporation and a real-estate brokerage firm licensed in both the District and in Virginia.[1] The contract provided for a six thousand dollar deposit which was delivered to the Capital Title and Escrow Corporation and which was forfeitable at Bell's option in the event of Formant's failure to settle. It also provided that Bell would pay Davis Company a commission of five thousand dollars or one-half of the deposit if Formant did not settle. After a thirty-day extension of time had been given, Formant failed to settle. Thereafter, Bell exercised his option and declared the deposit forfeited. It is undisputed that the contract was negotiated and executed in the District and that settlement under it was also to take place in the District.

This action was brought below when the title company refused to release the deposit because of conflicting claims between Formant [buyer] and Bell [seller]. Appellants admit that they failed to settle as provided by the contract.

The trial court held that the contract was not invalid because the salesman who handled the transaction for Floyd E. Davis Company did not hold a Virginia real-estate salesman's license. Appellants contend that this holding was erroneous. We do not agree.

■ Where land is situated in one state, that state's statute relating to real-estate brokers is inapplicable to a broker or salesman of another state who has entered into a brokerage contract in his own state for the sale of land in such other state. Annot., 159 A.L.R. 266, 271.

Further, there is no issue in this litigation between Bell [seller] and Davis Company [broker] that the broker is not entitled to his commission. The buyer [For-

mant] is in no position to question the broker's right to his commission since the brokerage agreement incorporated in the sales contract does not affect the rights and liabilities of Formant under the contract.[2] The question, then, is what law governs the rights and liabilities of the buyer and seller in the instant case.

■ It is well settled that where a contract is made in one state for the purchase of land situated in another and the purchase price is to be paid in the state where the contract is made, the lex rei sitae will govern as to the title to the land, but the lex loci contractus controls the rights of the parties under the contract. 91 C.J.S. Vendor and Purchaser § 3 at 831 (1955).

■ In Selover, Bates & Company v. Walsh, 226 U.S. 112, at 123, 33 S.Ct. 69, at 71, 57 L.Ed. 146 (1912), the Supreme Court said:

In other words, it is contended that the law of Colorado, the situs of the property, is the law of the contract. * * * [I]n the case at bar the action is strictly personal. It in no way affects the land or seeks any remedy against it. * * * *Redress was sought in a Minnesota court for the violation of a Minnesota contract, and, being such, the law of Minnesota gave the right and measure of recovery.* (Emphasis supplied.)

In the instant case we have an action in personam which in no way affects the land or seeks any remedy against it. The contract which was negotiated, executed, and which was to have been performed in the District, is a District of Columbia contract and therefore the rights of the parties are to be determined by the law of the District.

We find no error in the trial court's ruling.

Affirmed.

---

1. The salesman did not have a Virginia real-estate salesman's license and he was present when the buyer [Formant] inspected the property in Virginia.

2. *See* Braun v. Yaffee, D.C.App., 193 A.2d 895, 897 (1963).