[Crim. No. 1513.   Second Appellate District, Division One.—February 21, 1928.]

In the Matter of the Application of E. B. LAKE for a Writ of Habeas Corpus.

Hewitt, Ford, McCormick & Crump and J. F. Moroney for Petitioner.

E. J. Lickley, City Prosecutor, and Vernon S. Gray, Deputy City Prosecutor, for Respondent.

HOUSER, J.—*Habeas corpus.* The facts herein appear to be as follows: Based upon a complaint filed in the municipal court of the city of Los Angeles, petitioner was convicted of the commission of a misdemeanor in that within said city and on a specified date he did "wilfully and unlawfully conduct and carry on the business of selling and disposing of drugs, nostrums and ointments for the treatment of disease by then and there haranguing the people on public streets and in public places, . . . contrary to the provisions of an act imposing a license tax upon itinerant vendors of drugs, . . . approved March 19, 1903, and amendments thereto."

The statute (Stats. 1903, p. 284, as amended, Stats. 1907, p. 765, and Stats. 1909, p. 419) contains a provision to the effect that in any prosecution for a violation of the terms of the act "it need not be alleged in the complaint nor proved by the prosecution" that the defendant had no license to sell the articles specified in the act, but that such fact may be pleaded by the defendant as a matter of defense.

The principal point urged by petitioner is that such provision of the statute is discriminatory and lacking in uniformity of operation and consequently unconstitutional as violative of article I, section 11, article I, section 21 and article IV, section 25, of the constitution. The books are overflowing with discussion relating to the general question presented, and it would seem to be well settled in principle that any legislative enactment which is designed to operate upon a particular class which in its specification presents a genuine or constitutional differentiation from other classes, either individual, or considered as a whole, is without the purpose and intent of the constitutional inhibition as contained within the provisions of the constitution to which reference has been had. It is also thoroughly established that if such a law addressed to a particular class bears equally upon each person so classified, it cannot be said to be lacking in uniformity of operation. (5 Cal. Jur.

823, and authorities there cited.) If, then, applying such principles to the instant case, and without doing violence to judicial or statutory requirements, it may be determined that itinerant vendors of drugs, nostrums, and ointments may be resolved into a class, and that the statute here involved places no greater or different burden upon one member of such class than it places upon any other member thereof, it would result that the point made by petitioner is unavailing to him.

The case entitled *In re Gilstrap*, 171 Cal. 108 [Ann. Cas. 1917A, 1086, 152 Pac. 42], in various ways involved the constitutionality of the statute here under consideration. In substance, relying upon numerous authorities therein cited, it is there held that the definition of an itinerant vendor as found in section 3 of the act is broad enough to include hawkers and peddlers; that from early times persons so occupied have been deemed a proper subject for special legislative control and restriction, and that there is no doubt "that hawkers and peddlers may be placed in a class by themselves for license purposes." It is also therein held that the act in question "is a general law, enforceable in every part of the state, regulating 'the business of selling or in any manner disposing of drugs, . . . within this state,' by itinerant vendors, as that term is defined in section 3 of the act, . . . *The law applies uniformly upon the whole of a single class of clearly defined individuals, and the classification is founded upon a natural, intrinsic and constitutional distinction.*" (Citing authorities.)

On the part of petitioner no contention is made that, assuming the constitutionality of the statute so far as the classification of itinerant vendors of drugs is concerned, the legislature was without power to regulate the procedure with reference to violations of the provisions of the law. So far as this proceeding is concerned, therefore, the fact that, considered from the ordinary standpoint, the complaint filed in the municipal court against the defendant was possibly defective in that it failed to specifically allege that he had no license to sell drugs, nostrums, ointments, etc., becomes of no importance. The complaint, however, does contain the allegation that defendant sold the specified articles of merchandise "contrary to the provisions of an

act entitled 'An act imposing a license tax upon itinerant vendors of drugs, nostrums, ointments, or appliances sold for the cure of disease, injuries, or deformities,' approved March 19, 1903, and amendments thereto.'' While such manner of pleading is not to be commended for its directness or certainty, it is not impossible that the defendant was thereby sufficiently informed of the charge which was preferred against him, which, after all, is all that the law requires, and consequently constitutes everything to which the defendant was legally entitled. ▮ Relying upon the principles of law as announced in the authorities to which attention has been directed, it must be concluded that the objection of petitioner to the legislation in question is not well taken.

The constitutionality of the act is also challenged by petitioner for the alleged reason that the portion of the act under which the defendant was charged is not embraced within the title of the act. (Art. IV, sec. 24, Const.) The specific claim of petitioner is that by the wording of the title to the act its provisions are limited to *itinerant vendors* and that the definition of the term does not include persons engaged, as was defendant, in ''haranguing the people on public streets and in public places, and by using various customary tricks . . . for attracting crowds,'' etc.

The title of the act is as follows: ''An act imposing a license tax upon itinerant vendors of drugs, nostrums, ointments, or appliances sold for the cure of disease, injuries, or deformities.''

By section 3 of the act the term ''itinerant vendors'' is defined as follows: ''Itinerant vendors under the meaning of this act shall include all persons who carry on the business above described by passing from house to house, or by haranguing the people on public streets or in public places, or use the various customary devices for attracting crowds and therewith recommending their wares, and offering them for sale.''

▮ While it is possible that in accordance with a strict interpretation of the word ''itinerant,'' the business conducted by defendant could not be so classified, it should be remembered that it is unnecessary that the body of an act should adhere literally to its title. (*Abeel* v. *Clark*, 84 Cal.

226 [24 Pac. 383]; *Ex parte Liddell,* 93 Cal. 633 [29 Pac. 251]; *People* v. *Superior Court,* 100 Cal. 105 [34 Pac. 492]; *Hellman* v. *Shoulters,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057]; *People* v. *Linda Vista Irr. Dist.,* 128 Cal. 477 [61 Pac. 86]; *Ex parte Hallawell,* 155 Cal. 112 [99 Pac. 490]; *Park* v. *Pacific Fire Extinguisher Co.,* 37 Cal. App. 112 [173 Pac. 615].) In that regard, if it appears that the title of the act is reasonably indicative of the legislation contained within the provisions of the statute, the objection that the subject of the act is not expressed in its title cannot be sustained.

In the case entitled *Ex parte Liddell,* 93 Cal. 633, 637 [29 Pac. 251], it is said: "If the title contains a reasonable intimation of the matters under legislative consideration, the public cannot complain. It has always been the custom to state the subject of a bill in general terms and with the fewest words, and the framers of the constitution doubtless intended the legislature to conform to that custom." And in *Abeel* v. *Clark,* 84 Cal. 226, 229 [24 Pac. 383], it is ruled that "it is not necessary that the title of an act should embrace an abstract or catalogue of its contents."

" . . . The main object of this provision (of the constitution) is to prevent legislators and the public from being entrapped by misleading titles to bills whereby legislation relating to one subject might be obtained under the title of another."

In the case of *People* v. *Jordan,* 172 Cal. 391, 394 [156 Pac. 451], it is said: " . . . Where the body of an act embraces provisions which are *germane to the general subject* stated in its title, the title will be held sufficient to comprehend all of the provisions of the act itself; and where the title *suggests to the mind the field of legislation* which the text of the act includes, the title will not be held misleading or insufficient, or the act restricted in its operation. . . . "

It therefore becomes manifest that, aside from the definition contained within the statute of the term "itinerant vendors," with which the accusation against the defendant accurately coincides, the title of the act being in nowise misleading as to what reasonably might be expected to be embraced within the statute, but, to the contrary,

being plainly indicative thereof, is not in conflict with the provision of the constitution upon which petitioner relies.

It is ordered that the writ be and it is discharged, and that petitioner be and he is remanded to the custody of the marshal of the municipal court of the city of Los Angeles.

Conrey, P. J., and York, J., concurred.