[Civ. No. 7746.   Third Dist.   Sept. 20, 1950.]

ASSUNTA MORGANTI, Respondent, v. DOMENICO MORGANTI, Appellant.

Chas. McGoldrick, District Attorney, and Arthur L. Tallman, Chief Deputy District Attorney, for Appellant.

Francis M. Passalacqua for Respondent.

PEEK, J.—Plaintiff wife brought this action to obtain a divorce from her defendant husband upon the ground of his alleged incurable insanity. She did not allege that she had

reasonable ability to support him for the remainder of his life expectancy or that he had sufficient property to provide such support as required by section 108 of the Civil Code. To the contrary it was affirmatively alleged that she did not have such financial ability. The defendant husband, appearing through the district attorney, interposed a general demurrer to the complaint predicated upon the failure of the complaint to so allege. The trial court overruled the demurrer upon the ground that the foregoing requirement contained in said section is unconstitutional. The defendant then filed an answer denying the allegations set forth in the complaint and alleging as an affirmative defense that neither plaintiff nor defendant had property sufficient to provide for the support of defendant during the rest of his life expectancy. Upon the issues thus raised the cause proceeded to trial. At the conclusion of plaintiff's case defendant's motion for nonsuit was denied. The findings of fact were generally that the allegations of the complaint and of defendant's separate defense were true. Thereafter judgment was entered granting plaintiff an interlocutory decree of divorce, which decree further provided in the last paragraph thereof: "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff shall not be required to support defendant at the Mendocino State Hospital."

The single issue which appellant argues on his appeal is the question of the constitutional validity of section 108 of the Civil Code insofar as it requires allegation and proof of financial ability to support.

The relevant statutory provisions are contained in sections 92 and 108 of the Civil Code. The section first mentioned provides under subsection 7 thereof that one of the grounds of divorce shall be "Incurable insanity." Section 108 provides that:

"A divorce may be granted on the grounds of incurable insanity only upon proof that the insane spouse has been confined to an institution under the provisions of Chapter 1, Part 1, Division 6 of the Welfare and Institutions Code or under the provisions of Section 1026 of the Penal Code or Chapter 6, Title 10, Part 2 of the Penal Code, for a period of at least three continuous years immediately preceding the filing of the action and upon the testimony of a member of the medical staff of said institution that such spouse is incurably insane.

"*Duty to support.* No decree granted on this ground shall relieve the spouse granted the divorce of any obligation im-

posed by law as a result of the marriage for the support of the spouse against whom the divorce is granted. *It shall be alleged in the complaint and proved at the trial of the cause either that there is reasonable ability to support the insane spouse for the remainder of the life expectancy or that such insane spouse has property sufficient to provide for the remainder of the life expectancy, and the court shall make such order for support, or require a bond therefor, as the circumstances require.*'' (Italics added.)

Respondent's argument in support of the judgment is that said section 108 is unconstitutional as violative of the equal protection clause of the Fourteenth Amendment of the federal Constitution and the various provisions of the California Constitution, to wit: Article I, sections 2 and 21, and article IV. Appellant, however, contends that as the Legislature has the power to control the grounds of divorce upon whatever reasonable conditions it chooses, and as the conditions contained in said section 108 apply alike to all persons seeking a divorce upon the ground of incurable insanity, and since the equal protection clause guarantees only equal rights and not equality of enjoyment, therefore since the section in question confers equal rights, it is constitutional.

The constitutional right of the Legislature to specify upon what grounds, if any, divorces are to be granted cannot be doubted. (See *Grannis* v. *Superior Court,* 146 Cal. 245 [79 P. 891, 106 Am.St.Rep. 23]; *Crouch* v. *Crouch,* 28 Cal.2d 243 [169 P.2d 897]; 9 Cal.Jur. 628.) Hence the power of the Legislature to specify incurable insanity as a ground of divorce and to establish requirement as to the proof thereof cannot be challenged. (See *State* v. *Brown,* 213 Ind. 118 [11 N.E.2d 679, 113 A.L.R. 1243].) Equally well established is the power to continue the duty of support. (*Grannis* v. *Superior Court, supra; Galland* v. *Galland,* 38 Cal. 265.)

In the present case had the Legislature concluded its labors with the declaration of incurable insanity as a cause for divorce, with a declaration as to the manner of proof and with a further declaration as to the duty of support, there could be little question as to the constitutionality thereof. But the Legislature did not stop at that point. It went further and declared, as a condition precedent to the granting of a decree upon such ground, that the financial requirements contained in said section 108 must be met by allegation in the complaint and proof at the trial.

In other words there can be no question but that the plain effect of such provision is that unless the requirements as to the proof thereof are met no divorce shall be granted to the person seeking it unless he or she is able to comply with the financial conditions imposed by said section. Reduced to a most elementary illustration it simply means that if A and B have insane spouses and can prove such fact, and A is financially able to provide support and B is not, then A may obtain a divorce and B cannot. Thus, while the amendment to section 92 adding incurable insanity as a ground of divorce created a new classification, uniformly applying to all persons falling within its scope, nevertheless by the italicized provision of said section 108 the ground of divorce so created was by the latter provision restricted only to those who could comply with the financial provisions thereof. Obviously it cannot be said that such provision bears ''equally upon each person so classified'' (*In re Lake,* 89 Cal.App. 390 [265 P. 325]), i.e. to whom divorce on the ground of incurable insanity is made available. Neither can it be said, as the trial court so aptly stated, that those who cannot comply with the financial conditions imposed by paragraph 2 of said section are possessed of some natural or intrinsic or constitutional distinction which so differentiates them as a class as to bring them within the exception of the rule as noted in the early case of *City of Pasadena* v. *Stimson,* 91 Cal. 238 [27 P. 604], and reiterated in numerous cases that follow. We must conclude that such a classification is violative of both the federal and state Constitutions.

In so holding, we are not unmindful of the rule that all presumptions are in favor of the validity of statutes and that a classification adopted by the Legislature will not be overthrown unless palpably unreasonable. (*County of Los Angeles* v. *Southern Cal. Tel. Co.,* 32 Cal.2d 378 [196 P.2d 773]; *Ashbury Hospital* v. *Cass County,* 326 U.S. 207 [66 S.Ct. 61, 90 L.Ed. 6].) But it is equally well settled that a statute is unconstitutional ''if it confers particular privileges upon a class arbitrarily selected from a large number of persons all of whom stand in the same relation to the privileges granted and between whom and the persons not so favored no reasonable distinction or substantial difference can be found justifying the inclusion of the one and the exclusion of the other.'' (*Franchise Motor Freight Ass'n.* v. *Seavey,* 196 Cal. 77 [235 P. 1000].) In other words, as the Supreme Court stated in the recent case of *Takahashi* v. *Fish & Game Com.,*

30 Cal.2d 719 [185 P.2d 805], "The rule is that the classification shall not be arbitrary, but must be based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished."

█ It would seem apparent that the purposes of section 108 are (1) to provide the manner of proof where the ground for divorce is the incurable insanity of the defendant spouse, and (2) to provide a means of securing continuing financial support for the insane spouse. Applying the "substantial relation" test enunciated in *Takahashi* v. *Fish & Game Com.*, *supra*, to the present case, it cannot be said that the financial status of the parties bears any more relation to the first object of section 108 stated above than does the race of the applicant bear to the issuance of a marriage license. (See *Perez* v. *Sharp*, 32 Cal.2d 711 [198 P.2d 17].)

Furthermore proof of financial liability as set forth in the second sentence of the second paragraph of said section becomes wholly superfluous to the attainment of the second object thereof, since by reason of the specific terms of the preceding sentence no decree granted on the ground of incurable insanity can relieve a spouse of "any obligation imposed by law as a result of the marriage for the support" of the insane spouse. (See Civ. Code, § 155, and Welf. & Inst. Code, §§ 5077, 5105.6.) It follows that the requirement contained in section 108 of the Civil Code, that it must be alleged in the complaint and proved at the trial that there is either reasonable ability to support the insane spouse or that such insane spouse has property sufficient to provide support, constitutes a classification based on financial ability which is without reasonable relation to either of the legislative objects of (1) providing a manner of proof were the ground for divorce is incurable insanity, or (2) securing financial support for the insane spouse, and that such classification is, in effect, an arbitrary denial of equal protection and is, therefore, invalid.

There remains, however, the question as to the severability of the invalid requirement from the remainder of section 108. █ The rule is well established that when part of a statute is declared unconstitutional, the remainder will stand if it is complete in itself and would have been adopted by the Legislature had the latter foreseen the partial invalidation of the statute. (*In re Bell*, 19 Cal.2d 488 [122 P.2d 22]; 5 Cal.Jur. 644.) █ Thus since section 108 is complete without the invalid financial requirement, the question becomes one of

legislative intent. (*Hale* v. *McGettigan,* 114 Cal. 112 [45 P. 1049].) In 5 California Jurisprudence, at page 646, it is stated that "The distinction of an act into sections is purely artificial, and the real point is whether the provisions are essentially and inseparably connected in substance. The saving of the particular provision is therefore a matter of legislative intent, for the Legislature is presumed to intend that notwithstanding the invalidity of the other parts of the act, still the valid parts stand." As we have pointed out above, the objects of section 108 are in no way thwarted or frustrated by the deletion of the invalid requirement, hence it cannot be said that the Legislature would not have adopted section 108 except for the inclusion of that requirement. We conclude that the remainder of section 108 may be given effect and a divorce granted on the ground of incurable insanity.

For the reasons stated herein the judgment of the trial court granting an interlocutory decree to plaintiff is affirmed. However, since section 108 imposed upon the spouse to whom a decree is granted the obligation of a continuing responsibility for the support of the insane spouse, said decree is modified by striking therefrom that portion purporting to relieve plaintiff herein from such obligation of support. As so modified the judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.