[Civ. No. 21250.   Second Dist., Div. Three.   Mar. 6, 1956.]

GEORGE  W.  RIGGINS, Appellant, v.  SADIE  RUTH
RIGGINS, Respondent.

Hubert W. Swender for Appellant.

Harold W. Kennedy, County Counsel, and A. Thomas Grazer, Deputy County Counsel, for Respondent.

THE COURT.—Plaintiff appeals from a judgment of dismissal based upon an order sustaining demurrer to amended complaint and upon the failure of plaintiff to amend with the time allowed for amending.

The amended complaint alleged that plaintiff is and for more than one year last past has been a resident of Los Angeles County, California; plaintiff and defendant were married on June 29, 1940, and ever since have been husband and wife; the date of separation was August 1, 1950; two children were born of the marriage. Said complaint contained adequate allegations for the statistical purposes required by section 426a of the Code of Civil Procedure. It was also alleged in said complaint that there is community real property in Los Angeles County standing in the names of the parties as joint tenants (description and value being alleged); more than three years prior to the filing of said action, to wit: about August 7, 1951, defendant entered Camarillo State Hospital for the insane for treatment as a voluntary patient on a voluntary basis; defendant at said time was diagnosed as dementia praecox, paranoid, and the defendant ever since said date has been and now is confined in said institution or under the jurisdiction of the institution; said insanity of defendant still exists; about June 30, 1954, the patient appeared at diagnostic staff conference before the staff of said hospital, and on said date the medical superintendent and medical director of said hospital certified that defendant is incurably mentally ill and has been at all times since her entry and confinement in said hospital incurably mentally

ill; defendant has no general guardian or guardian of her person; plaintiff has reasonable ability to support the insane spouse, so far as any obligation imposed by law as a result of the marriage is concerned, for the remainder of the life expectancy of said spouse; the two minor children are in the custody of plaintiff and the plaintiff is a fit and proper person to be awarded the custody of the children. The prayer of said complaint was for judgment granting a decree of divorce to plaintiff, awarding custody of the children to plaintiff, and awarding the community property to plaintiff. The prayer was also for an order appointing the district attorney of Los Angeles County, or such other person as the court might deem proper, guardian *ad litem* of defendant for the purpose of said action.

S. Ernest Roll, the District Attorney of Los Angeles County, as guardian *ad litem* of defendant, demurred to said amended complaint on the ground that said complaint fails to allege facts sufficient to constitute a cause of action. On December 16, 1954, the demurrer was sustained with leave to amend within 10 days. A notice of said order sustaining the demurrer was served upon the attorney for plaintiff on January 10, 1955. The plaintiff failed to amend said amended complaint, and on February 18, 1955, a judgment of dismissal was entered.

Section 92 of the Civil Code provides: "Divorces may be granted for any of the following causes: . . . Seven. Incurable insanity." Section 108 of the Civil Code provides: "A divorce may be granted on the grounds of incurable insanity only upon proof that the insane spouse has been incurably insane for a continuous period of three years immediately preceding the filing of the action and has been confined in an institution, or under the jurisdiction of the institution, under the provisions of Chapter 1, Part 1, Division 6 of the Welfare and Institutions Code or under the provisions of Section 1026 of the Penal Code or Chapter 6, Title 10, Part 2 of the Penal Code, for a period of at least three continuous years immediately preceding the filing of the action and upon the testimony of a member of the medical staff of said institution that such spouse is incurably insane." (The Penal Code provisions, referred to in said section 108, are not involved herein.) Said part 1 of the Welfare and Institutions Code, referred to in said section 108 of the Civil Code, is entitled "Commitments." Said chapter 1 of said part 1 is entitled "Mentally Ill Persons

and Insane Persons." That chapter comprises sections 5000 to 5189 inclusive. It may be said generally that those sections pertain to apprehension, examination, commitment by court, and hospitalization of mentally ill and insane persons. Stated in another way, it may be said generally that those sections pertain to court commitment procedure or procedure whereby a mentally ill person enters a state hospital under order of court or involuntarily. Under other sections of the Welfare and Institutions Code a mentally ill person may (1) voluntarily enter a state hospital for treatment (§ 6602) ; (2) enter a state hospital upon an application in his behalf by a health officer (§§ 6610-6612) ; and (3) be temporarily admitted to such a hospital upon application in his behalf by a relative or other designated persons (§§ 6605-6605.6).

Respondent (defendant) asserts in effect that the demurrer was properly sustained because the amended complaint shows that the defendant entered the state hospital as a voluntary patient on a voluntary basis. In other words, respondent asserts in effect that said complaint does not show that defendant was confined to the hospital under the provisions of chapter 1, part 1, division 6, of the Welfare and Institutions Code (§§ 5000-5189)—under court procedure, that is, involuntarily.

Appellant contends that the portion of section 108 of the Civil Code requiring that the confinement be under the provisions of chapter 1, part 1, division 6, of the Welfare and Institutions Code is unconstitutional for the reason that it results in an unreasonable and discriminating classification of insane persons confined in state institutions, thus violating the equal protection clause of the Fourteenth Amendment of the United States Constitution, and provisions of the California Constitution, namely: article I, section 2 (that government is for protection of the people) ; and article I, section 21 (that special privileges shall not be granted) ; and article IV *re* legislative department). He quotes from *Morganti* v. *Morganti*, 99 Cal. App.2d 512, 517 [222 P.2d 78], to the effect that a purpose of said section 108 is "to provide the manner of proof where the ground for divorce is the incurable insanity of the defendant spouse." He argues that the method of entry into a state hospital in California, whether voluntary or under court commitment, has no bearing on that purpose or object of section 108; and that the method of entry into the hospital has no bearing on the question or manner of proving incurable insanity where the defendant has been certified, by the medical

superintendent of the hospital, to be incurably insane for over three years and has been confined in the hospital for over three years. He also argues that said portion of said section 108, which restricts the ground of divorce (incurable insanity) to those persons whose insane spouses entered the hospital involuntarily, does not bear equally upon all persons whose spouses are incurably insane.

*Dribin* v. *Superior Court,* 37 Cal.2d 345 [231 P.2d 809, 24 A.L.R.2d 864], involved the question as to whether the Legislature, in enacting section 108, acted within its constitutional power in limiting divorce on the ground of incurable insanity to cases wherein there was proof of confinement under said sections 5000 to 5189, that is, confinement in this state as distinguished from confinement outside this state. It was held therein that the requirement of proof of confinement in this state was constitutional. Principles of law with respect to determining the constitutionality of a statute are stated in that case at pages 351 and 352. Some of those principles are: ''Wide discretion is vested in the Legislature in making the classification.'' The ''decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary . . ..'' ''A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.'' ''The classification should be reasonable; i.e., 'have a substantial relation to a legitimate object to be accomplished . . . [I]t is not our concern whether the Legislature has adopted what we might think to be the wisest and most suitable means of accomplishing its objects.' ''

Incurable insanity was not a ground for divorce in California until 1941, when that additional ground was added to the grounds for divorce stated in section 92 of the Civil Code. In section 108 of the Civil Code, also enacted in 1941, it was provided that a divorce on the ground of incurable insanity might be granted ''only upon proof'' that the defendant had been incurably insane for a certain time and had been confined in a certain place ''under the provisions'' of certain sections of the Welfare and Institutions Code. The confinement referred to in those sections is confinement under order of court. It thus appears that the Legislature excluded voluntary confinement or admission in its determination as to the proof that should be required. (Voluntary admission is provided for in a different section—§ 6602.) ''The power of the legislature to specify incurable insanity as a

ground of divorce and to establish requirements as to the proof thereof cannot be challenged.'' (16 Cal.Jur.2d, p. 309, § 13; see also *Morganti* v. *Morganti, supra,* 99 Cal.App.2d 512, 515 [222 P.2d 78].)

As stated in *Dribin* v. *Superior Court, supra,* at page 352: ''The insane have always been regarded as subject to control on the part of the state, both for their protection and for the protection of others.'' It was said further therein (p. 352) that the Welfare and Institutions Code ''throws about an alleged insane or incompetent person various safeguards by way of notice, service of process, hearings, evidence, jury trial, etc., before an adjudication of insanity and commitment therefor may be made.'' The Legislature in requiring proof of confinement under an order of court might have considered that such requirement was necessary in order to protect or safeguard the personal and property rights of the alleged incurably insane defendant. It might have considered that such requirement would be a protection or safeguard in the event a spouse, with a view to creating a possible basis for divorce, were inclined to unduly persuade the other spouse to voluntarily enter a state hospital. Also the Legislature might have considered that evidence as to incurable insanity of the defendant would be more reliable and trustworthy if the evidence included an adjudication of insanity (at the time of entering the hospital) in addition to testimony of a medical staff member as to incurable insanity. ■ Circumstances prevailing at the time of enactment of a statute are to be considered in determining whether a classification is arbitrary or unrelated to the object of the statute. (*Pacific Gas & Elec. Co.* v. *Moore,* 37 Cal.App.2d 91, 97 [98 P.2d 819].) Prior to the enactment making incurable insanity a ground for divorce, the existing grounds for divorce involved fault or wrongdoing on the part of the defendant. The new or additional ground of incurable insanity involved no element of fault of the defendant. ■ In view of the fact that, in making incurable insanity a ground for divorce, the Legislature was for the first time permitting a divorce upon a ground which involved no fault on the part of defendant, it was not unreasonable to require strict proof as to that additional ground.

■ As above stated, ''A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.'' It appears, as above shown, that there were considerations which reasonably would have warranted the

Legislature in making a distinction, in the matter of divorce on the ground of incurable insanity, between proof of confinement under order of court and proof of voluntary confinement. ■ In view of such considerations, it cannot be said as a matter of law that the Legislature did not have the constitutional right to require proof of confinement under order of court, as a part of the proof, in order to obtain a divorce on the ground of incurable insanity. As counsel for appellant suggests, the legislation is favorable to a person whose spouse entered the institution involuntarily and is unfavorable to a person whose spouse entered the institution voluntarily. ■ However, as stated in *Lelande* v. *Lowery*, 26 Cal.2d 224, 232 [157 P.2d 639, 175 A.L.R. 1109], ''[T]he legislature is not bound, in order to support the constitutional validity of its regulation, to extend it to all cases which it might possibly reach.'' ■ It cannot be said as a matter of law that the Legislature made an arbitrary classification in requiring proof of confinement under order of court; nor can it be said that the classification had no bearing on the object to be accomplished by said section 108. ■ The portion of said section 108 of the Civil Code requiring proof of confinement under the provisions of chapter 1, part 1, division 6 of the Welfare and Institutions Code (§§ 5000 to 5189, inclusive) is not unconstitutional.

In view of the above conclusion, it is not necessary to discuss the other assertion of respondent to the effect that if said portion of section 108 is unconstitutional that portion is not severable from the remainder of the section.

The judgment is affirmed.