Boyce Duane WILLIAMS, Appellee,

v.

Celestia Elizabeth WILLIAMS, Appellant.

No. 47741.

Supreme Court of Oklahoma.

Dec. 2, 1975.

Rehearing Denied Jan. 13, 1976.

David E. Winslow, Tulsa, for appellee.

James R. Head, Tulsa, for appellant.

HODGES, Vice Chief Justice.

The sole issue on appeal is the authority of the district court to grant a divorce on the grounds of incompatibility. Appellant wife contends that the court is without such authority because it contravenes the religious oaths and vows taken by the parties, and, the authority of God, the Bible and Jesus Christ. Appellee husband does not refute these allegations of religious vows and belief but contends he is entitled to a divorce on the statutory grounds of incompatibility.

Surprisingly, we have no precedent, and the issue comes to us as a case of first impression.

A matrimonial ceremony may have two resulting aspects:

(1) A civil contract between the parties granted by law.

(2) An ecclesiastical obligation imposed by God as interpreted by the beliefs and conscience of the parties.

Appellant contends the civil contract of marriage cannot be dissolved by the State when it is in conflict with the ecclesiastical obligations of marriage of which both parties profess and proclaim. She argues, since both parties in this case believe that adultery is the only scriptural grounds for divorce, and neither has committed an act of adultery, the State must then recognize their ecclesiastical obligations and vows of marriage, and deny the appellee a divorce.

 Appellant would have this court to invoke the conscience of the appellee and apply their ecclesiastical beliefs on marriage and divorce. Under the constitutional mandate of separation of church and state, we decline. We have no business or right, constitutional or statutory, to interpret and enforce the ecclesiastical vows of marriage. While this court is concerned with the mores and religious beliefs of the citizenry, our jurisdiction extends only to the civil matters of state.

Freedom of religion, which is embodied in the First Amendment to the Constitution of the United States and in the due process clause of the Fourteenth Amendment, reflects the philosophy the church and state should be separate, and that both religion and government can best work to achieve their lofty aims if each is left free from the other within its respective sphere. *Illinois ex rel McCollum v. Board of Education,* 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649, 2 A.L.R.2d 1338 (1946); *Zorach v. Clauson,* 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954 (1952).

We are a civil court having constitutional and legislative sanction to administer man-made laws justly, fairly and equally. We have no jurisdiction to regulate or enforce scriptural obligations.

Title 43 O.S.1971 § 1 states that:

"Marriage is a personal relation arising out of a *civil contract* to which the consent of parties legally competent of contracting and of entering into it is necessary, and the marriage relation shall only be entered into, maintained or abrogated as provided by law." (Emphasis supplied)

■ Divorce is wholly a creature of statute with absolute power to prescribe conditions relative thereto being vested in the State. *Sosna v. State of Iowa,* 360 F. Supp. 1182, 1184 (Iowa 1973). Affirmed 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). *Moore v. Moore,* 101 Ariz. 40, 415 P.2d 568 (1966).

■ Neither the Constitution of the United States, nor the State of Oklahoma, prohibits the legislature from specifying upon what grounds, if any, divorces are to be granted. The State has a constitutional right to declare and maintain a policy in regard to marriage and divorce as to persons domiciled within its borders. The statutory grounds of divorce are exclusive, and the courts have authority in this field to do only that which is prescribed by the legislature. The legislature has vested the courts of this state with ultimate control over the dissolution of marriage. See

*Morganti v. Morganti,* 99 Cal.App.2d 512, 222 P.2d 78, 79 (1950); *Crouch v. Crouch,* 28 Cal.App.2d 243, 169 P.2d 897, 961 (1946). *Logan v. Logan,* 396 P.2d 198 (Wyo.1964). *Ashley v. Superior Court In and For County of Pierce,* 82 Wash.2d 188, 509 P.2d 751, 757 (1973).

■ The law does not, nor can the courts, compel a husband and wife to live together. The remedy of absolute divorce is an extraordinary remedy for situations which are unavoidable and unendurable and which cannot be relieved by any proper and reasonable exertion of the party seeking the aid of the courts. *Vincent v. Vincent,* 208 Okl. 470, 257 P.2d 512 (1953). Although the State is a silent third party in every divorce proceeding, it is not interested in perpetrating a marriage after all possibility of accomplishing any desirable purpose of such relationship is gone.

■ Appellant's complaint that her constitutional right for the free exercise of religion is being violated is unfounded. The action of the trial court only dissolved the civil contract of marriage between the parties. No attempt was made to dissolve it ecclesiastically. Therefore, there is no infringement upon her constitutional right of freedom of religion. She still has her constitutional prerogative to believe that in the eyes of God, she and her estranged husband are ecclesiastically wedded as one, and may continue to exercise that freedom of religion according to her belief and conscience. Any transgression by her husband of their ecclesiastical vows, is, in this instance, outside the jurisdiction of the court.

■ It is not within the power of the church or an individual to affect the status or civil relations of persons. This may only be regulated by the supreme civil power. See *Reaves v. Reaves,* 15 Okl. 240, 82 P. 490, 494 (1905).

The State has absolute control over the dissolution of the civil marriage contract. Dissolution of the marital relationship or religious vows are a matter of conscience; extinguishment of the civil marriage con-

tract and the marital status are matters of statutory construction.

▌ The divorce was granted on the basis of incompatibility. Actionable incompatibility is determined to exist when there is such a conflict of personalities as to destroy the legitimate ends of matrimony and the possibility of reconciliation. *Kirkland v. Kirkland*, 488 P.2d 1222, 1224 (Okl. 1971).

▌ An action for divorce is one of equitable cognizance. The Supreme Court will not disturb findings of divorce decree based on the determination of actionable incompatibility unless they are found to be clearly against the weight of the evidence, or constitute abuse of discretion. *Miller v. Miller*, 456 P.2d 113 (Okl. 1969); *Newman v. Newman*, 391 P.2d 902 (Okl.1964).

We have carefully examined the pleadings, record, and transcript in this case and find in awarding a divorce to the husband on the basis of incompatibility, the decision of the trial court is supported by the weight of the evidence and that there was no abuse of discretion.

Affirmed.

All Justices concur.