## Wikoski v. Wikoski

*John J. Hovan,* for plaintiff.
*Michael R. Lynn,* for defendant.

GARDNER, *P.J.,* July 17, 1985—On January 12, 1982, plaintiff, Betty Wikoski, filed an action for divorce on the ground of indignities as set forth in §201(a)(6) of the Divorce Code, Act of April 2, 1980, P.L. 63, §101 et seq., 23 P.S. §101 et seq.

An amended complaint, supported by the required affidavit, asserting that the marriage was irretrievably broken under §201(d) of the Divorce Code, was filed February 19, 1985.

Defendant, Chester Wikoski, filed an affidavit asserting that the marriage was not irretrievably broken.

Hearing was held on May 15, 1985 and resulted in a decree divorcing the parties from the bonds of matrimony.

No exceptions were filed by defendant.[*] However, an appeal was taken to the Superior Court of Pennsylvania on June 12, 1985.

---

[*] Nor did we state reasons for the decree in divorce as set forth in Rule of Civil Procedure 1920.52(a)(7). However, no complaint has been made as to the procedure followed by the court, and it would appear that such need not be addressed here.

Pursuant to our order of June 21, 1985, defense counsel mailed, on July 3, 1985, a statement setting forth two matters complained of in the appeal:

(1) That the evidence was insufficient to support a finding that the marriage is irretrievably broken;

(2) That the decree in divorce interferes with the defendant's freedom of religion under Article I, §3 of the Pennsylvania Constitution.

This opinion is an attempt to meet the requirements of Rule of Appellate Procedure 1925(a).

From the evidence received at the hearing, we find the following facts:

1. The parties were married on August 8, 1946 and separated on January 5, 1982.

2. Plaintiff filed an action for divorce on January 12, 1982.

3. The parties have not cohabited since January 5, 1982.

4. Plaintiff expresses no love for defendant and stated there is no reasonable prospect for reconciliation in the marriage.

5. Plaintiff testified that she separated because she could no longer "tolerate the manner in which I was treated".

As to defendant's second contention, our research has revealed no Pennsylvania appellate authority. Barring a lack of diligence in our efforts (and this is not unknown), we regard this as surprising in view of the inventiveness of today's bar.

Our research did reveal, however, Williams v. Williams, 543 P.2d 1401 (1975), in which the Supreme Court of Oklahoma wrestled with a similar issue raised when a party contended that a court was without authority to divorce because such a procedure contravenes religious vows and belief.

Our Supreme Court, in Scaife v. McKee, 298 Pa. 33, 148 Atl. 37 (1929), has ruled that the provisions of the constitutions of Pennsylvania and the United States pertaining to impairment of the obligation of contracts do not relate to the contract of marriage and do not affect the right to legislate upon the subject of marriage and divorce.

We believe, as did the Oklahoma Supreme Court, that if we were to apply defendant's religious conviction in the instant matter, we would be ignoring the constitutional mandate of the separation of church and state.

Finally, as aptly stated in Williams, supra:

"Appellant's complaint that her constitutional right for the free exercise of religion is being violated is unfounded. The action of the trial court only dissolved the civil contract of marriage between the parties. No attempt was made to dissolve it ecclesiastically. Therefore, there is no infringement upon her constitutional right of freedom of religion. She still has her constitutional prerogative to believe that in the eyes of God, she and her estranged husband are ecclesiastically wedded as one, and may continue to exercise that freedom of religion according to her belief and conscience. Any transgression by her husband of their ecclesiastical vows, is, in this instance, outside the jurisdiction of the court."

6. Prior to the filing of the action for divorce, the parties commenced counseling, but defendant terminated this effort.

7. Plaintiff has consistently refused any effort made by defendant to attempt reconciliation, has had virtually non-existent contact with defendant since separation, and testified that nothing would dissuade her from her desire for divorce.

In our opinion, defendant's contentions are meritless.

Plaintiff's adamant attitude that reconciliation is not possible, her lack of contact with defendant, her belief that defendant's announced desire to reconcile is motivated by his alleged need for care, and her announcement that nothing would dissuade her from her desire to be divorced are ample bases, in our judgment, for a decree based upon a finding of irretrievable breakdown in the marriage.

We further note that plaintiff filed the action instantly involved more than three years ago, which allowed, in our judgment, adequate opportunity for decision-making. We concluded that she was thoroughly determined in her desire for freedom from this marriage.

Clearly, the requirements of §104 of the Divorce Code, which defines "irretrievable breakdown" as "(e)strangement due to marital difficulties with no reasonable prospect of reconciliation", have been met. Plaintiff asserted that she could not tolerate defendant's conduct, and that defendant terminated voluntary marital counseling instituted prior to the original filing of the action in divorce. We also consider significant that neither party moved for counseling under the provisions of the Divorce Code after the filing of the instant action.

Plaintiff has maintained a consistent attitude which can only be described as estranged over an extended period of time, and, together with the other evidence received, that attitude clearly supports a finding of irretrievable breakdown. See Thomas v. Thomas, 335 Pa.Super. 41, 483 A.2d 945 (1984).