Dear Speaker, Larry E. Adair,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does Oklahoma law consider marriage to be between one woman and one man?
 2. Is Oklahoma required to recognize as valid and binding a marriage performed in another state which is not between one woman and one man?
 I. Introduction
¶ 1 Your questions relate to Oklahoma law regarding marriage. While marriage has long been recognized as one of the most fundamental of rights, courts have also historically recognized that the subject of marriage is a matter for the individual states to regulate. It is against this backdrop that we review your questions.
 II. Oklahoma Law Regarding Who May Marry
¶ 2 You first ask whether Oklahoma law considers marriage to be between one woman and one man. The definition of marriage, adopted by the Oklahoma Legislature in 1903, has remained constant. See Okla. Rev. Ann. Stat. ch. 51, art. 1, § 1 (1903). Title 43 O.S. 2001, § 1[43-1] defines marriage as follows:
 Marriage is a personal relation arising out of a civil contract to which the consent of parties legally competent of contracting and of entering into it is necessary, and the marriage relation shall only be entered into, maintained or abrogated as provided by law.
Id.
¶ 3 To determine who is legally capable of contracting to marry under this definition and what is "provided by law" in Oklahoma, we look to 43 O.S. 2001, § 3[43-3] governing who may marry. That statute provides:
 Any unmarried person of the age of eighteen (18) years or upwards and not otherwise disqualified[1] is capable of contracting and consenting to marriage with a person of the opposite sex but no person under the age of eighteen (18) years shall enter into the marriage relation, nor shall any license issue therefor, except upon the consent and authority expressly given by the parent or guardian of such underage applicant in the presence of the authority issuing such license, or on the written consent of the parent or guardian of such underage applicant executed and acknowledged in person before a judge of the district court or the court clerk of any county within the State of Oklahoma.
Id. (emphasis added) (footnote added). The legislative intent is clear from these statutes that, under Oklahoma law, marriage is limited to those persons who are of the opposite sex. The Oklahoma Supreme Court recognized this limitation as early as 1925 when it stated:
 "Marriage" as at common law creates the status of husband and wife under the law of this state. Whenever the minds of the parties meet in a common consent thereto, the marriage immediately arises. It is a contract between the man and woman, each accepting the other into the ties of that relation, neither remiss to its possible sorrows, nor the enjoyment of its incidental pleasures.
Mudd v. Perry, 235 P. 479 (syllabus) (Okla. 1925) (emphasis added). The court also made clear, through its recognition of common law marriage, that marriage is between a man and a woman.See Estate of Stinchcomb v. Stinchcomb, 674 P.2d 26, 28-29
(Okla. 1983) ("A party asserting a common law marriage must prove . . . an actual and mutual agreement between the spouses to behusband and wife; a permanent relationship; an exclusive relationship, proved by cohabitation as man and wife; and the parties to the marriage must hold themselves out publicly ashusband and wife. . . ."). Lest there be any doubts, a husband is defined as "[a] married man" and a wife is defined as "[a] woman united to a man by marriage." Black's Law Dictionary 875, 1598 (6th ed. 1990).
¶ 4 Therefore, to answer your first question, Oklahoma law considers marriage to be a contract between one man and one woman.
 III. Oklahoma Law Provides That A Marriage Between Persons Of The Same Gender Performed In Another State Is Not Valid Or Binding In Oklahoma.
¶ 5 Next, you ask if Oklahoma is legally required to recognize a marriage entered into in another state which is not between one man and one woman. The Oklahoma Legislature specifically spoke to the issue of recognizing same-gender marriages at 43 O.S. 2001,§ 3.1[43-3.1] when it provided:
 A marriage between persons of the same gender performed in another state shall not be recognized as valid and binding in this state as of the date of the marriage.
Id.
¶ 6 An analysis of this provision begins with recognizing that the institution of marriage is a contract wholly created by state law. In Williams v. Williams, 543 P.2d 1401 (Okla. 1975), the Oklahoma Supreme Court noted that marriage and divorce are creatures of statute and recognized that the State has absolute power to prescribe the conditions for marriage and divorce. "The State has a constitutional right to declare and maintain a policy in regard to marriage and divorce as to persons domiciled within its borders." Id. at 1403; see also In Re McDade's Estate,218 P. 532, 541 (Okla. 1923) ("As between the federal and state governments, the power to control and regulate marriages is retained by the latter. The Legislature of each state has the power and authority to prescribe the qualifications of the contracting parties, the forms or proceedings essential, the duties and obligations created, and the effect of marriage upon property rights.").
¶ 7 The United States Supreme Court also recognized that marriage "has always been subject to the control of the legislature." Maynard v. Hill, 125 U.S. 190, 205 (1888); seealso Haddock v. Haddock, 201 U.S. 562, 575 (1906) ("No one denies that the states, at the time of the adoption of the Constitution, possessed full power over the subject of marriage and divorce.").
¶ 8 Exercising this power, the Oklahoma Legislature has made clear the State of Oklahoma shall not recognize as valid and binding same-gender marriages performed in other states. 43 O.S.2001, § 3.1[43-3.1].[2] Congress has also made clear its intent, through enacting the Federal Defense of Marriage Act ("DOMA"), that states are not required to recognize same-gender marriages from other states. Title 28 U.S.C. § 1738C, which is part of DOMA, provides:
 No State, territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship.
Id.
¶ 9 As part of DOMA, Congress amended the definition of marriage to mean "only a legal union between one man and one woman as husband and wife, and the word `spouse' refers only to a person of the opposite sex who is a husband or a wife."1 U.S.C. § 7 (1996).
¶ 10 Therefore, Oklahoma is not required by federal law to recognize as valid and binding same-gender marriages performed in other states, and by state law Oklahoma shall not recognize such marriages as valid and binding.
 IV. The Full Faith And Credit Clause Of The United States Constitution Does Not Require Oklahoma To Recognize Same-Gender Marriages Performed In Other States.
¶ 11 We will also examine whether Oklahoma's law prohibiting recognition of same-gender marriages performed in other states as valid and binding violates the Full Faith and Credit Clause of the United States Constitution. That Clause provides:
 Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
U.S. Const. art. IV, § 1.
¶ 12 In interpreting the Full Faith and Credit Clause, the United States Supreme Court recognized a distinction between the credit owed to laws, such as legislative measures and common law, and that owed to judgments. Baker v. Gen. Motors Corp.,522 U.S. 222, 232 (1998). The Court stated that, as tojudgments, the Full Faith and Credit Clause is exacting and there is no public policy exception. Id. at 233. A judgment
in this context has been explained as "[a] final judgment . . . rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment." Id. In determining the law applicable to a controversy, however, a reviewing court may be guided by the forum state's "public policy." Id.; see Nevada v. Hall, 440 U.S. 410, 424 (1979).
¶ 13 While the Full Faith and Credit Clause requires states to give credit to the judgments of other states, it does not compel "a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." Baker, 522 U.S. at 232
(quoting Pac. Employers Ins. Co. v. Indus. Accident Comm'n,306 U.S. 493, 501 (1939)); see also Franchise Tax Bd. v.Hyatt, 538 U.S. 488, 123 S.Ct. 1683 (2003) ("Full Faith and Credit Clause did not require [a state to adopt a second state's] sovereign immunity statutes where such application would violate [the first state's] own legitimate public policy."). Id. at 1689.
¶ 14 In Hall, the Court refused to apply a Nevada law limiting tort liability to an accident caused by a Nevada-owned vehicle on official business in California. Hall,440 U.S. at 423-24. The Court, quoting Pacific Employers, concluded that Full Faith and Credit "does not here enable one state to legislate for the other or to project its laws across state lines so as to preclude the other from prescribing for itself the legal consequences of acts within it." Id.
¶ 15 As discussed above, the State of Oklahoma has made clear its public policy that a same-gender marriage does not constitute a valid and binding marriage under Oklahoma law. Oklahoma is undoubtedly competent to legislate on this subject, which is one of laws rather than judgments, and the Full Faith and Credit Clause does not remove the regulation of marriage from the state legislative arena.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under Oklahoma law, a marriage is a civil contract between one man and one woman. 43 O.S. 2001, §§ 1[43-1], 3.
 2. Oklahoma law specifically provides that Oklahoma shall not recognize as valid and binding a marriage between persons of the same gender performed by another state. 43 O.S. 2001, § 3.1[43-3.1].
 3. The Federal Defense of Marriage Act ("DOMA") does not require Oklahoma to recognize as valid and binding a marriage between two persons of the same gender performed by another state. 28 U.S.C. § 1738C (1996); 1 U.S.C. § 7 (1996).
 4. The Full Faith and Credit Clause of the United States Constitution does not require Oklahoma to recognize, as valid and binding, same-gender marriages performed in other states, as that Clause does not require a state to substitute the statutes of another state for its own statutes dealing with a subject matter concerning which it is competent to legislate. U.S. Const. art. IV, § 1.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] Those "otherwise disqualified" are set forth at 43 O.S.2001, § 2[43-2], which prohibits certain marriages as "incestuous, illegal and void" if "between ancestors and descendants of any degree, of a stepfather with a stepdaughter, stepmother with stepson, between uncles and nieces, aunts and nephews, except in cases where such relationship is only by marriage, between brothers and sisters of the half as well as the whole blood, and first cousins. . . ." Id.
[2] Although Oklahoma law does not allow first cousins to marry, any marriage of first cousins performed in another state authorizing such marriages, which is otherwise legal, is recognized as legal and binding in Oklahoma. 43 O.S. 2001, §2[43-2].