[File No. 6934]

ASBURY HOSPITAL, a Corporaton, Appellant, v. CASS COUNTY, NORTH DAKOTA, a Public Corporation, R. F. Croal as State's Attorney of Cass County, North Dakota, and His Successors in Office, and Alvin C. Strutz as Attorney General of the State of NORTH DAKOTA and His Successors in Office, Respondents.

(16 NW(2d) 523)

Opinion filed November 3, 1944

Messrs. *Nilles, Oehlert,* and *Nilles* (*Abbott L. Fletcher* of counsel), for Appellant.

Messrs. *Alvin C. Strutz,* attorney general, *William R. Pearce,* special assistant attorney general, and *R. F. Croal,* state's attorney, for Respondents.

CHRISTIANSON, J. This is a sequel to Asbury Hospital v. Cass County, 72 ND 359, 7 NW(2d) 438. The former appeal involved an order sustaining a demurrer to the complaint. The order was affirmed. The action was brought in the District Court of Cass County under the Uniform Declaratory Judgments Act of this state (chap 237, Laws 1923, 1925 Supp §§ 7712a1–7712a16), to secure a judicial declaration that certain real property owned by the plaintiff is not subject to the provisions of an initiative measure, adopted June 29, 1932, entitled "An act prohibiting corporation farming and relating to corporations acquiring and holding real estate not necessary in the operation of their business." (Laws 1933, pp 494, 495), and amended by chap 89, Laws 1933, and chap 111, Laws 1935.

The plaintiff is a nonprofit corporation organized under the laws of the state of Minnesota and the owner of certain land in Cass County

in this state which it acquired in November, 1925. The facts are set forth fully in the former opinion and need not be restated here.

In its complaint the plaintiff alleged that application of the statute in question here as against the plaintiff and its said real estate would infringe upon and violate rights guaranteed to it by Article 1, § 10, Article 4, § 2, and the Fifth Amendment and § 1 of the Fourteenth Amendment to the Constitution of the United States, as well as §§ 11, 13, 16, 20 and 22 of the Constitution of North Dakota. On a former appeal these constitutional questions were raised and were decided by the decision of this court. On this appeal, plaintiff by appropriate assignments of error has presented the same constitutional questions and they have been supported and argued both in the written briefs and on the oral argument.

After the case had been remanded to the district court, following the decision on the former appeal, the trial court made findings of fact, wherein it found the facts alleged in the amended complaint to be true. From the facts so found the court drew the following Conclusions of Law:

"1. This action was properly brought for a declaratory judgment under the Declaratory Judgments Act of this State and the facts present an actual controversy of a justiciable character between the parties having adverse interests.

2. The initiated statute of North Dakota (Laws 1933, p 494, §§ 4 and 5, and §§ 1 and 3, as amended by Laws 1933, chap 89) requiring corporations to dispose of realty usable for agriculture, may be constitutionally applied to realty acquired before the adoption of the statute, or acquired by foreclosure of mortgage executed before the adoption of the statute.

3. Plaintiff was not brought within the statutory exception authorizing corporations to continue to hold realty usable for agriculture if 'reasonably necessary in the conduct of their business' merely because its articles of incorporation authorized it to acquire and hold realty.

4. The enforcement of said initiated measure of North Dakota against the plaintiff, would not deprive the plaintiff of its property without due process of law, or deny to it the equal protection of the law

within the meaning of the Fourteenth Amendment of the Constitution of the United States.

5. Said initiated measure does not operate to impair the obligation of contract between the State and the plaintiff or impair or divest any vested property right, and within the meaning of the Fourteenth Amendment of the Constitution of the United States and within the meaning of Article 4, § 2 thereof.

6. The Fourteenth Amendment of the Constitution of the United States prohibits denial of equal protection of the laws only to persons within the jurisdiction of the State, and cannot be relied upon by the plaintiff in this case.

7. Plaintiff is not a citizen within the meaning of Article 4, § 2 of the Constitution of the United States governing privileges and immunities of citizens.

8. Plaintiff could not be injured by the amendment to said law discriminating in favor of corporations as defined therein, and hence cannot urge such discrimination in claiming such statute to be unconstitutional.

9. Said initiated measure, as against the plaintiff, is not in contravention of any of the provisions of the Constitution of the United States or amendments thereto, set forth in the bill of complaint herein; neither is said legislation in violation of or in contravention of any of the provisions of the Constitution of the State of North Dakota relied upon by the plaintiff in the bill of complaint.

10. This Court having assumed jurisdiction of this case as one properly brought for a declaratory judgment and for injunctive relief, and having declared the law, now does, in accordance with such declaration, deny plaintiff's application for perpetual injunction against the defendants, prohibiting defendants and their successors in office from enforcing or attempting to enforce such legislation against the plaintiff's property."

Final judgment was entered in accordance with the findings and the conclusions and the plaintiff has appealed.

The facts as found by the trial court are precisely the same as those set forth in the complaint, which was considered on the former appeal. The same contentions were advanced on that appeal that are advanced

on this appeal. While the former appear was from an intermediate order (Comp. Laws 1913, § 7832; Devereaux v. Katz, 22 ND 351, 133 NW 553; Langer v. Courier News, 48 ND 280, 183 NW 1009) and this is an appeal from a final judgment, the decision on the former appeal became and is the law of the case. 5 CJS pp 1267 et seq; Schmidt v. Beiseker, 19 ND 35, 120 NW 1096; Stimson v. Stimson, 30 ND 78, 152 NW 132; Dubs v. Northern P. R. Co. 51 ND 113, 199 NW 191; Wittmayer v. Security State Bank, 57 ND 934, 224 NW 303; Anderson v. Northern & D. Trust Co. 67 ND 458, 484, 485, 274 NW 127, 140; Pearce v. North Dakota Workmen's Comp. Bureau, 68 ND 318, 279 NW 601; Jacobson v. Mutual Ben. Health & Acci. Asso. 70 ND 566, 296 NW 545.

In the decision on the former appeal, we held that the statute in question was applicable to the plaintiff and its real estate, and that the application and enforcement of the statute against the plaintiff as to the tract of land in question here will not operate to infringe upon or deny any right guaranteed to it by the several provisions of the Constitution of the United States and the Constitution of the State of North Dakota which it has invoked. We adhere to the views expressed and the principles announced in the decision on the former appeal and the determination there made of the several contentions that were advanced by the plaintiff on that appeal and that are advanced again on this appeal.

The judgment appealed from is affirmed.

MORRIS, Ch. J., and NUESSLE and BURKE, JJ., and MILLER, Dist. J., concur.