ASBURY HOSPITAL *v.* CASS COUNTY ET AL.

No. 35. Argued October 10, 11, 1945.—Decided November 5, 1945.

*Mr. Herbert G. Nilles,* with whom *Mr. Paul J. Thompson* was on the brief, for appellant.

*Nels G. Johnson,* Attorney General of North Dakota, with whom *P. O. Sathre,* Assistant Attorney General, was on the brief, for appellees.

Mr. Chief Justice Stone delivered the opinion of the Court.

Appellant, a Minnesota non-profit corporation, sought, in the state district court of North Dakota, a declaratory judgment that the so-called Initiative Measure of 1932, North Dakota Laws, 1933, pp. 494, 495, as amended by Chap. 89, Laws 1933, and Chap. 111, Laws 1935, is unconstitutional as applied to appellant's North Dakota farming lands.

The challenged statute declares, §§ 2, 3, that corporations, both domestic and foreign, which "now own or hold rural real estate, used or usable, for farming or agriculture, except such as is reasonably necessary in the conduct of their business, shall dispose of the same within ten years from the date that this Act takes effect . . .," and that "the ten year limitation provided by this Section shall be deemed a covenant, running with the title to the land against any grantee, successor of (or) assignee of such corporation, which is also a corporation." Farming land in the state owned by any corporation in violation of the statute is, by § 5, made subject to escheat to the county in which it is located, by suit instituted by the county attorney. The county is required to dispose of the land at public auction to the highest bidder within one year after escheat, and to pay the proceeds, less the expenses of sale, to the former corporate owner.

Appellant alleges in its amended complaint that prior to the enactment of the statute it had acquired a tract of

land within Cass County, North Dakota, in satisfaction of a mortgage indebtedness, and that it has since leased the property out to farmers who have used it as farm land. The amended complaint further alleges that since the enactment of the statute appellant has constantly attempted to sell this tract, and that it has been and will be unable to sell it for an amount equal to the original mortgage debt before the expiration of the statutory ten-year period; that any sale which the county, proceeding under the statute, might be able to make, would be for substantially less than the amount appellant has invested in the land and the costs of sale. The amended complaint sets up that the statute, as applied to appellant's tract, violates the privileges and immunities clauses of Article IV, § 2 and the Fourteenth Amendment of the Federal Constitution, the contract clause, Article I, § 10, and the due process and equal protection clauses of the Fourteenth Amendment, and prays for a judgment that the statute is unconstitutional and void as applied to appellant and for an injunction restraining appellee county from enforcing the statute.

The Supreme Court of North Dakota sustained an order of the trial court overruling appellees' demurrer to the amended complaint, 72 N. D. 359, 7 N. W. 2d 438. Upon remand of the case for further proceedings, the trial court found the allegations of fact set out in the amended complaint to be true, construed the statute as applicable to appellant's land, which was held not to be necessary to the conduct of appellant's business, and sustained the constitutionality of the statute in all respects. The Supreme Court of North Dakota affirmed. 73 N. D. 469, 16 N. W. 2d 523. The case comes here on appeal under § 237 (a) of the Judicial Code, 28 U. S. C. 344 (a), appellant repeating in its assignments of error the attack made on the statute by its complaint.

Appellant does not invoke the commerce clause, and is neither a citizen of a state nor of the United States

within the protection of the privileges and immunities clauses of Article IV, § 2 of the Constitution and the Fourteenth Amendment. *Paul* v. *Virginia,* 8 Wall. 168, 177; *Pembina Mining Co.* v. *Pennsylvania,* 125 U. S. 181, 187; *Selover, Bates & Co.* v. *Walsh,* 226 U. S. 112, 126. The State of North Dakota has granted no charter or certificate of incorporation to appellant, and has issued to it no permit to do business or own property within the state which could give rise to contract rights which appellant could assert against the state. None are to be implied from appellant's mere acquisition of land in the state either before or after the enactment of the statute. *Erie R. Co.* v. *Pennsylvania,* 21 Wall. 492; *Connecticut Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602, 620–622; *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322, 344–5.

The Fourteenth Amendment does not deny to the state power to exclude a foreign corporation from doing business or acquiring or holding property within it. *Horn Silver Mining Co.* v. *New York,* 143 U. S. 305, 312–315; *Hooper* v. *California,* 155 U. S. 648, 652; *Munday* v. *Wisconsin Trust Co.,* 252 U. S. 499; *Crescent Oil Co.* v. *Mississippi,* 257 U. S. 129, 137. While recognizing the unqualified power of the state to preclude its entry into the state for these purposes, appellant points out that the state has permitted it to enter and to invest its money in obligations secured by mortgage on land within the state, in consequence of which it lawfully acquired the land free of restrictions. Appellant argues that the state may not, by later legislation, force a sale of the land thus innocently acquired, under conditions which do not allow recovery of the original investment. But a state's power to exclude a foreign corporation, or to limit the nature of the business it may conduct within the state, does not end as soon as the corporation has lawfully entered the state and there acquired immovable property. Subse-

quent legislation excluding such a corporation from continuing in the state has been sustained as an exercise of the general power to exclude foreign corporations which does not offend due process. *Hammond Packing Co.* v. *Arkansas, supra,* 342–3; see also *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68, 83. Similarly, this Court has upheld legislation imposing burdens greater than those to which such corporations were subject at the time of their entry on the ground that the state might exclude them altogether at a later date. *Philadelphia Fire Association* v. *New York,* 119 U. S. 110; *Horn Silver Mining Co.* v. *New York, supra;* see also *Crescent Oil Co.* v. *Mississippi, supra; Lincoln National Life Ins. Co.* v. *Read,* 325 U. S. 673. Appellant, even if its activities in North Dakota are now restricted to the ownership of farm land within the state, stands in no better position to invoke the protection of the Fourteenth Amendment. The total exclusion of a corporation owning fixed property within a state requires it to sell or otherwise dispose of such property. Appellant must do no more. While appellant is not compelled by the present statute to cease all activities in North Dakota, the greater power includes the less.

Since the state may validly require appellant to sell its farm land, the contention that the statute is wanting in due process because conditions have been such since its enactment that appellant has been and will be unable to salvage an investment made more than ten years before raises no substantial constitutional question. The due process clause does not guarantee that a foreign corporation when lawfully excluded as such from ownership of land in the state shall recapture its cost. It is enough that the corporation, in complying with the lawful command of the state to part with ownership, is afforded a fair opportunity to realize the value of the land, and that the sale, when required, is to be under conditions reasonably calcu-

lated to realize its value at the time of sale. No reason is advanced for saying, and we cannot say, that the period of ten years allowed to appellant to dispose of the property, or its sale after ten years at public auction held under direction of the court and comparable generally to a mortgage foreclosure sale, fails to satisfy either of these conditions. As the North Dakota Supreme Court pointed out in its opinion, the statutory escheat of appellant's land is effected by suit to which the corporation must be a party, with full opportunity to be heard in advance. The judgment of sale in conformity to the statute is entered by the court which "has the power to protect the rights of the corporation as to the notice and conduct of the sale by appropriate provisions in its judgment."

Appellant makes the further objection that the statute denies due process because it deprives it of the possession of the property during the period from the time of escheat to the date of public sale, and makes no provision for any accounting for the rents and profits of the land during that period. The state's Attorney General argues that in the escheat proceeding the court has power to require and will require such an accounting. The record does not disclose that this objection was raised or considered by any court in the course of the present suit, or that any state court has construed the statute so as to determine whether a corporation whose land has been escheated will be deprived of the rents and profits pending the sale.

We are thus asked to pass on the constitutionality of a possible application of the state statute in advance of its application to appellant, and of its authoritative construction by the state courts. Lacking such construction, without which no constitutional question can arise, the issue is not an appropriate one for adjudication by the declaratory judgment procedure. This Court is without power to give advisory opinions. It will not decide constitutional issues which are hypothetical, or in advance

of the necessity for deciding them, or without reference to the manner in which the statute, whose constitutional validity is drawn in question, is to be applied. *Federation of Labor* v. *McAdory,* 325 U. S. 450, 459–463, and cases cited.

Only two of the equal protection contentions which appellant presses here appear to have been presented to or considered by the state courts. The North Dakota Supreme Court held that the statute's exception from its operation, of lands owned and held by corporations whose business is dealing in farm lands, (§ 2), and of the lands belonging to cooperative corporations, seventy-five percent of whose members or stockholders are farmers residing on farms, or depending principally on farming for their livelihood, (§ 4), did not deny the equal protection claimed. We agree.

The legislature is free to make classifications in the application of a statute which are relevant to the legislative purpose. The ultimate test of validity is not whether the classes differ but whether the differences between them are pertinent to the subject with respect to which the classification is made. *Metropolitan Casualty Co.* v. *Brownell,* 294 U. S. 580, 583, and cases cited. We cannot say that there are no differences between corporations generally and those falling into the excepted classes which may appropriately receive recognition in the legislative application of a state policy against the concentration of farming lands in corporate ownership.

The North Dakota Legislature may have thought that its policy with reference to corporate-owned agricultural lands would be advanced by permitting corporations engaged in the business of dealing in farm lands to acquire and sell without restriction lands forced upon the market by the statute. It could have thought that its policy would be in part defeated by withholding authority from farm cooperatives to acquire and use farm lands for agricultural

purposes. Cf. *United States* v. *Rock Royal Co-op.*, 307 U. S. 533, 562–564. Statutory discrimination between classes which are in fact different must be presumed to be relevant to a permissible legislative purpose, and will not be deemed to be a denial of equal protection if any state of facts could be conceived which would support it. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357; *Carmichael* v. *Southern Coal Co.*, 301 U. S. 495, 509, and cases cited.

Appellant also asserts that the statute imposes an unconstitutional discrimination because §§ 2, 3 provide that any corporation which acquired farm land in any manner prior to 1932, the effective date of the Act, or by judicial process or operation of law thereafter, is required to dispose of it within the ten-year period, while a corporation which acquired land by deed or grant after 1932 may hold it without restriction. But § 4 of Chapter 89 of the North Dakota Laws of 1933 provides: "That the title and ownership of any real estate acquired, in any manner, by any domestic or foreign corporation, since the approval and adoption of the aforesaid initiated law, is hereby declared to be legal and valid for all purposes, notwithstanding any provisions in said initiated law contained, but subject however, to all of the provisions now contained in said initiated law as hereby amended and reenacted."

This section was not construed by any state court in the present litigation and we are not advised why farming lands acquired in conformity to § 4 are not, as the section declares, made "subject . . . to all of the provisions now contained" in the Act as amended, including those relating to the escheat and sale of farming lands. Nor does it appear that any such discrimination is in fact made in the enforcement of the statute. As we have already pointed out in this opinion, a constitutional question which turns on the construction and application of a statute which has neither been authoritatively construed nor applied by the state courts may not appropriately be decided by this

Court. *Federation of Labor* v. *McAdory, supra,* and cases cited.

The North Dakota Supreme Court, in its opinion, and counsel, in brief and argument here, confined their discussion to the question whether the state's powers over a foreign corporation as such justify the compulsory disposition of its farm land within the state. We need not, for present purposes, have recourse to other possible sources of state power to control the ownership and disposition of property lying within its borders. We have considered but find it unnecessary to discuss other arguments of lesser moment.

We dismiss the appeal insofar as it draws in question the constitutionality of the act for its alleged failure to require an accounting for rents and profits of the land in the interval between the judgment of escheat and the sale of the land, and insofar as North Dakota farming lands acquired by corporations by deed or grant subsequent to 1932 are said to be exempted from the operation of the statute. In all other respects the judgment is affirmed.

*So ordered.*

MR. JUSTICE BLACK is of the opinion that the appeal should be dismissed for want of a substantial federal question.

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.