Jack GORUM, Charles Gorum and Ozark Butane Company, Inc., a corporation, Plaintiffs,

v.

OKLAHOMA LIQUEFIED PETROLEUM GAS BOARD and W. D. Rush, Liquefied Petroleum Gas Administrator, Defendants,

and

Oklahoma Liquefied Petroleum Gas Association, Intervenor.

Civ. No. 63–248.

United States District Court
W. D. Oklahoma.

Feb. 17, 1964.

David M. Thornton, Tulsa, Okl., for plaintiff.

Charles Nesbitt, Atty. Gen., Lee W. Cook, Asst. Atty. Gen., for defendants.

Duke Duvall, Duvall & Head, Oklahoma City, Okl., for intervenor.

Before PICKETT, Circuit Judge, and BOHANON and DAUGHERTY, District Judges.

DAUGHERTY, District Judge.

In this case the plaintiffs invoke the jurisdiction of a three-judge federal court under the provisions of Title 28 United States Code, § 2281 et seq., to obtain a decree that Title 52 Oklahoma Statutes Annotated, § 420.14 is unconstitutional and void by reason of said law denying them (1) the privileges and immunities as citizens of the several states, (2) the equal protection of the laws, and, (3) due process of law, all in violation of the 14th Amendment to the United States Constitution, and said law as applied is (4) an unreasonable interference with interstate commerce and (5) is an arbitrary, discriminatory and excessive exercise of the police power of the State of Oklahoma.

Title 52 O.S.A. § 420.14 passed by the 1963 session of the Oklahoma State Legislature provides as follows:

"Section 1. Nonresidents—Prohibition on storage or dispensing.—

"The State Liquefied Petroleum Gas Administrator shall not issue or renew any registration permit or license to any person, firm, or corporation who is a resident of, or whose principal place of business is located in, a state other than Oklahoma unless the laws of such other state, and the rules and regulations of the authority governing the storage and dispensing of liquefied petroleum gas permit the operation of such business by citizens, firms, or corporations of Oklahoma under the same or substantially similar terms and conditions as those required for such operation in this state."

Plaintiff corporation the Ozark Butane Company, Inc., is an Arkansas corporation domesticated to do business in Oklahoma. The plaintiffs Jack Gorum and Charles Gorum are individuals, residents of Arkansas, and stockholders of the plaintiff corporation. The defendant Oklahoma Liquefied Petroleum Gas Board is a regulatory administrative agency of the State of Oklahoma created by Title 52 O.S.A. § 420.3. Defendant W. D. Rush is the Administrator of said Board. This Board promulgates rules and regulations and enforces the laws of the State of Oklahoma relating to the liquefied petroleum gas industry in the State of Oklahoma.

The intervenor Oklahoma Liquefied Petroleum Gas Association is an association of liquefied petroleum gas dealers doing business in Oklahoma. Said association through intervention supports the position taken here by the defendant Board and its Administrator.

The plaintiff corporation is engaged in the wholesale and retail transportation, distribution, purchase and sale of liquefied petroleum gas with installations and customers in both Oklahoma and Arkansas. In the past it has been issued a registration permit by the defendant Board to so engage in such activities in Oklahoma under the provisions of Title 52 O.S.A. § 420.4. Such a registration permit expires on September 1st of each year. The last registration permit issued to the plaintiff corporation Ozark Butane Company, Inc., by the defendant Board expired on September 1, 1963. The defendant Board upon application refused to issue the plaintiff corporation a registration permit for the year September 1, 1963, to August 31, 1964, by reason of the provisions of Title 52 O.S.A. § 420.14 passed by the

1963 Oklahoma Legislature as said law is applied to the plaintiff corporation. This refusal of the defendant Board was in conformity with the legal opinion of the Attorney General of the State of Oklahoma.

The operation of the plaintiff corporation involves the purchase of liquefied petroleum gas at locations in Oklahoma, its transportation by plaintiff corporation transport trucks to its plant in Siloam Springs, Arkansas, where it is stored in facilities there located, its subsequent transportation by other plaintiff corporation transport trucks to installations in Oklahoma (there being four of such in Oklahoma), where it is again stored and subsequently moved from said storage and sold by plaintiff corporation to its customers in Oklahoma.

At the pre-trial hearing herein the parties agreed that for the purposes of this litigation the laws, rules and regulations of the State of Arkansas regarding the transportation, storage and dispensing of liquefied petroleum gas do not permit the operation of such business under the same or substantially similar terms and conditions as those required by the laws, rules and regulations of the State of Oklahoma.[1]

If the statutes of the two states contained similar terms and conditions the remedy of the plaintiff corporation would be to compel the issuance of the desired registration permit and not to attack the law as being unconstitutional and void, which is the relief prayed for herein by the plaintiff corporation.

■ From the evidence in this case the liquefied petroleum gas operation in Oklahoma which is involved herein appears to be accomplished entirely by the plaintiff corporation, an Arkansas corporation, as such. The plaintiff corporation was the recipient of past Oklahoma registration permits and made the application for an Oklahoma registration permit which was rejected and is now involved in this litigation. It does not

appear that either of the individual plaintiffs individually applied for the above mentioned registration permit which was denied by the defendants. They do refer to their individual installation permits in Oklahoma in the Complaint but offered no evidence in connection with such type permits. The evidence indicates that an Oklahoma company was formed by the individual plaintiffs for the purpose of making an application for a registration permit in Oklahoma but such company is a separate entity and is not a party hereto. Furthermore, the evidence indicates that such Oklahoma company abandoned its efforts to obtain a registration permit in Oklahoma. The individual plaintiffs must therefore be treated as surplus and unnecessary parties herein.

The grounds of attack against said law urged by the plaintiff corporation will be treated in the order above set out.

■ With reference to said law denying the plaintiff corporation the privileges and immunities of the citizens of the several states, this ground of complaint is answered by the holdings that such privileges and immunities are afforded only to individuals and not to corporations. See Asbury Hospital v. Cass County, North Dakota, 326 U.S. 207, 66 S.Ct. 61, 90 L.Ed. 6, and Selover, Bates & Co. v. Walsh, 226 U.S. 112, 33 S.Ct. 69, 57 L.Ed. 146.

■■ With reference to said law denying the plaintiff corporation the equal protection of the laws, it is true that the plaintiff corporation is a person and is entitled to this protection if within the jurisdiction of the state. However, it is found that since September 1, 1963, the plaintiff corporation has not been within the jurisdiction of the State of Oklahoma as required before being entitled to such protection. This is so because since said date the plaintiff corporation has not satisfied the conditions required by the State of Oklahoma in order for it as a foreign corporation

---

1. Compare 52 O.S.A. §§ 420.1 to 420.14 with 53 Ark.Stats. §§ 702 to 728.

to be entitled to enter and do business in Oklahoma in connection with liquefied petroleum gas operations. The case of Fire Association of Philadelphia v. People of State of New York, 119 U.S. 110, 7 S.Ct. 108, 30 L.Ed. 342, holds:

"The state, having the power to exclude entirely, has the power to change the conditions of admission at any time for the future, and to impose as a condition the payment of a new tax, or a further tax, as a license fee. If it imposes such license fee as a prerequisite for the future, the foreign corporation, until it pays such license fee, is not admitted within the state, or within its jurisdiction. It is outside, at the threshold, seeking admission, with consent not yet given. * * * It could not be of right within such jurisdiction. until it should receive the consent of the state to its entrance therein under the new provisions, and such consent could not be given until the tax, as a license fee for the future, should be paid."

The fact that the plaintiff corporation was within the State of Oklahoma prior to September 1, 1963, is of no avail after that date unless the changed conditions, which the State of Oklahoma had a right to impose, are met as and when required. Nor is the fact that the plaintiff corporation has been permitted to continue to operate in Oklahoma since September 1, 1963, under and by virtue of a temporary restraining order of this Court which was extended by agreement of the parties, sufficient to put the plaintiff corporation within the State of Oklahoma with the consent of the State of Oklahoma, or within the meaning and purview of the equal protection clause of the 14th Amendment. See Fire Assn. of Philadelphia v. People of State of New York, supra. Nor is the fact that the plaintiff corporation (for the first time) a few days before September 1, 1963, "domesticated" as a foreign corporation with the appropriate agency of the State of Oklahoma sufficient to put the plaintiff corporation within the State of Oklahoma within the meaning and purview of the equal protection clause of the 14th Amendment. The right of the plaintiff corporation to engage in the liquefied petroleum gas business in Oklahoma depends upon the issuance of the said annual registration permit by the State of Oklahoma, as provided by its laws. When there are both general laws and special laws relating to the right of a foreign corporation to do business within a state, the special laws are controlling and must be complied with. St. Louis, I. M. & S. Ry. Co. v. Commercial Union Ins. Co., 139 U.S. 223, 11 S.Ct. 554, 35 L.Ed. 154; Central Life Assurance Society v. Tiger, 177 Okl. 108, 57 P.2d 1182.

Plaintiff urges the case of City of St. Paul v. Dalsin (1955) 245 Minn. 325, 71 N.W.2d 855, as being decisive herein. This case is clearly distinguishable from the situation at bar. In St. Paul the Court was concerned with an individual who was a citizen of Minneapolis, Minnesota, and within the State of Minnesota complaining about a St. Paul, Minnesota, ordinance which imposed conditions on him not required of other individuals who were non-residents of St. Paul. Here, we are concerned with a foreign corporation, not within the state, but desiring to enter and do business within the state but unable to comply with the conditions prescribed and required by the state before such permission is granted.

With reference to said law denying the plaintiff corporation due process of law, it is clear from the authorities that a state may entirely bar a foreign corporation from doing business in the state. See The LaFayette Ins. Co. v. French, 18 How. 404, 15 L.Ed. 451; The Horn Silver Mining Co. v. The People of the State of New York, 143 U.S. 305, 12 S.Ct. 403, 36 L.Ed. 164; Hanover Fire Ins. Co. v. Carr, 272 U.S. 494, 47 S.Ct. 179, 71 L.Ed. 372, 49 A.L.R. 713; Lincoln Nat. Ins. Co. v. Read, 325 U.S. 673, 65 S.Ct. 1220, 89 L.Ed. 1861. Moreover, a state may impose conditions

upon a foreign corporation which must be satisfied before the foreign corporation may do business in the state, provided, the conditions are not repugnant to the Constitution or laws of the United States. See The LaFayette Ins. Co. v. French, supra. The case of Asbury Hospital v. Cass County, North Dakota, supra, provides that the 14th Amendment to the United States Constitution does not deny to a state the power to exclude a foreign corporation from doing business within it. Furthermore, there is not a denial of due process because a foreign corporation permitted to do business in a state acquires property in the state during such privilege and then must dispose of such property later on when new conditions to do business are imposed which cannot be met.

 With reference to said law being an interference with interstate commerce, the activities and operations of plaintiff corporation in Oklahoma amount to intrastate commerce and not interstate commerce.

From the evidence adduced it is apparent that plaintiff's overall operations traverse state boundaries in the transportation and sale of liquefied petroleum gas. The business headquarters of plaintiff is in the State of Arkansas. Orders are received and billings sent out from this point. However, plaintiff transports its gas from Arkansas and places it in storage tanks located in Oklahoma. Said gas is subsequently sold and delivered to Oklahoma consumers as it is needed. Upon reaching these storage tanks in Oklahoma the interstate aspect of the operation ends. The subsequent sale and movement of the gas is an intrastate activity and a purely local business clearly subject to local business controls. See 60 A.L.R. 1479, section e; Fletcher Vol. 17, section 8410, and cases thereunder. That local liquefied petroleum gas operations is such an activity over which the local authorities may prescribe appropriate regulations is not to be seriously questioned. The gas stored by plaintiff in Oklahoma has come to rest in a place wherein it is to be

used or finally disposed of. Property so situated undoubtedly may be taxed by the state wherein it is located though in the current of interstate commerce. State of Minnesota v. Blasius, 290 U.S. 1, 54 S.Ct. 34, 78 L.Ed. 131. The purely local nature of the activity here in question is evident. A state may regulate matters of local concern over which Federal authority has not been exercised even though the regulation has some impact on interstate commerce, provided, that the regulation does not discriminate against or place an embargo on interstate commerce, that it safeguards an obvious state interest and the local interest outweighs whatever national interest there might be in the prevention of state regulation. Cities Service Gas Co. v. Peerless Oil and Gas Co., et al., 340 U.S. 179, 71 S.Ct. 215, 95 L.Ed. 190. As viewed by this Court the storage and sale of liquefied petroleum gas in Oklahoma is an intrastate activity carried on by a foreign corporation therein and a matter of local concern. The regulation of such industry and activity is a proper exercise of the state's power. Should, however, the over-all operation, considering that there are present interstate aspects, be sufficiently impressed with the interstate quality so as to retain such status—as relates to the functions within Oklahoma—it is felt that the regulations imposed are not an unreasonable burden upon interstate commerce and that the local nature of the activity and the obvious state interest outweighs the national interest as is envisioned by the commerce clause of the United States Constitution. Panhandle Eastern Pipe Line Co. v. Michigan Public Service Comm., 341 U.S. 329, 71 S.Ct. 777, 95 L.Ed. 993. There is no absolute prohibition here of interstate commerce nor an embargo against it. The regulations are a reasonable control of a matter of a local nature and of local concern.

 With reference to the last ground of attack, namely, that said law amounts to an abuse of the police power of the State of Oklahoma, the Court

fails to find that this principle of law is involved in the facts of this case. We are here confronted with a situation concerning the right of a state to bar a foreign corporation from doing business within it or impose conditions to be met prior to the exercise of such privilege. Since the state may entirely bar a foreign corporation from doing business within its confines it naturally follows that a state may impose any conditions it sees fit, provided the Constitution and laws of the United States are not violated. The United States Supreme Court said in Paul v. Virginia, 8 Wall. 168, 19 L.Ed. 357:

> "Having no absolute right of recognition in other states, but depending for such recognition and enforcement of its contracts upon their assent, it follows as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely, they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion."

We have shown above that the privileges and immunities clause, the equal protection of the laws clause, the due process of law clause, and the interstate commerce provisions of the United States Constitution and laws, are not violated. The police power of the state is simply not here involved. The exercise of police power by a state is aimed at the conduct, activities and operations of people within the state in the interest of the health, welfare and safety of the people of the state in general. If the plaintiff corporation were permitted to enter Oklahoma and engage in the liquefied petroleum gas business therein under a registration permit, then the plaintiff corporation would be subject in its operation to comply with the pertinent laws, rules and regulations prescribed by the State of Oklahoma in the exercise of its police power in regulating the liquefied petroleum gas industry within its borders. The plaintiff corporation since September 1, 1963, has ceased to be subject to the police power regulations of Oklahoma save only by the temporary restraining order of this Court entered to hold the status quo and not to grant any permanent rights to the plaintiff corporation.

In view of the foregoing, the Court finds that Title 52 O.S.A. § 420.14 is valid and constitutional as applied to the plaintiff corporation. Accordingly, the Complaint herein should be dismissed and the temporary restraining order held in effect herein by agreement should be dissolved. Counsel for the defendants will prepare a judgment to such effect for the signature of the Court and entry herein.