REGULATION OF SAFETY GLAZING MATERIAL
House Bill 1350, First Session, Thirty-third Legislature, does not restrict the manufacture or sale of safety glazing or non-complying safety glazing material products for sale and use outside of the State of Oklahoma. The intent of the Legislature is to control all phases of safety glazing materials in hazardous locations as defined by statute within the State of Oklahoma. The Attorney General has under consideration your request for an opinion in which you outlined the following question: "Does House Bill 1350 prevent manufacturers of glazing material other than safety glazing material from selling their product outside of the State of Oklahoma where no similar legislation such as House Bill No. 1350 exists?" House Bill 1350 which now will appear at 63 O.S. 1971 2351 [63-2351] through 2357 provides in relevant part: "SECTION 1. Definitions "As used in this act: "1. 'Safety glazing material' means any glazing material, such as tempered glass, laminated glass, wire glass or rigid plastic which meets the test requirements of ANSI Standard Z97.1-1966 and such further requirements as may be adopted by the State Health Department after notice and hearing as required by the Administrative Procedures Act, and which are so constructed, treated or combined with other materials as to minimize a likelihood of cutting and piercing injuries resulting from human contact with the glazing material. "2. 'Hazardous locations' means those installations, glazed or to be glazed in commercial and public buildings, known as framed or unframed glass entrance doors; and those installations, glazed or to be glazed in residential buildings and other structures used as dwellings, commercial buildings, and public buildings, known as sliding glass doors, storm doors, shower doors, bathtub enclosures, and fixed glazed panels adjacent to entrance and exit doors which because of their location present a barrier in the normal path traveled by persons going into or out of these buildings, and because of their size and design may be mistaken as means of ingress or egress; and any other installation, glazed or to be glazed, wherein the use of other than safety glazing materials would constitute an unreasonable hazard as the State Department of Health may determine after notice and hearing as required by the Administrative Procedures Act; whether or not the glazing in such doors, panels, enclosures and other installations is transparent. "SECTION 3. Safety glazing materials required in hazardous locations "It shall be unlawful within the State of Oklahoma to knowingly sell, fabricate, assemble, glaze, install, consent or cause to be installed glazing material other than safety glazing material in, or for use in, any hazardous location as defined in Section 1, paragraph 2." The plain reading of the statute, particularly Section 3, indicates that the prohibition on selling or installation of other than safety glazing materials is solely within the State of Oklahoma. It is a well settled rule of law, that when the language of the statute is plain and unambiguous no room for construction exists. Such was the rule enunciated in the case of In re Estate of Redwine, Okl., 445 P.2d 275, when the Court stated: "Our statutes, supra, comprise a clear expression of legislative intent, and are not subject to a changed construction because of asserted ambiguity. When the language of the statute is plain and unambiguous no room for construction exists. Forston v. Heisler, Okl., 363 P.2d 949." Therefore, it appears from their intent of the statute that the Legislature intended that this law should be made applicable to the control of safety glazing materials "within" the State of Oklahoma. In light of the plain meaning and intent of the statute it appears clear that the State of Oklahoma may regulate the matters contained in House Bill 1350 since they are matters of local concern. The remaining question that must be resolved is whether or not the Legislature may extend their jurisdiction to transactions outside of its borders assuming that the intent of the Legislature was control other than simply within the borders of the State. It is clear, under a well settled doctrine of law that the jurisdiction of the State Legislature can only apply to matters within its borders unless an obvious State interest clearly outweighs the national interest and does not discriminate against or place a restriction on interstate commerce. The United States District Court for the Western District of Oklahoma pointed out this rule in the case of Gorum v. Oklahoma Liquefied Petroleum Gas Board, Okl., 235 F. Supp. 406 where they said: "A state may regulate matters of local concern over which Federal authority has not been exercised even though the regulation has some impact on interstate commerce, provided, that the regulation does not discriminate against or place an embargo on interstate commerce, that it safeguards an obvious state interest and the local interest outweighs whatever national interest there might be in the prevention of state regulation. Cities Service Gas Company v. Peerless Oil and Gas Company, et al,340 U.S. 179, 71 S.Ct. 215, 95 L.Ed. 190." Clearly the Legislature is exercising power aimed at the conduct, activities and operations of the safety glazing materials industry within the State in the interest of the health, welfare and safety of the people of the State of Oklahoma. This is evident where the Act specifically enumerates hazardous locations in Section 1, paragraph 2, as determined by the Oklahoma State Department of Health. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that House Bill 1350 restricts only those activities concerning safety glazing materials within the State of Oklahoma. Similar restrictions outside of the borders of the State of Oklahoma would either rest in the jurisdiction of the Federal Government under the interstate commerce law or the individual states and their concern for the welfare of citizens within their own borders. (Robert H. Mitchell)