MOTORCYCLE HELMETS — CONSTITUTIONALITY Title 47 O.S. 40-105 [47-40-105](G), as amended by House Bill 1228 enacted June 4, 1975, requiring a motorcycle rider to wear a protective helmet is constitutional. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: Is Title 47 O.S. 40-105 [47-40-105](G), as amended by House Bill 1228 enacted June 4, 1975, requiring a motorcycle rider to wear a protective helmet constitutional? Title 47 O.S. 40-105 [47-40-105](G) (1971), as amended by House Bill 1228, reads as follows: "G. Headgear: No person shall operate or ride upon any vehicle covered under this section unless such person is equipped with and wearing on the head a crash helmet of a type which complies with standards established by the Department of Public Safety. All crash helmets shall consist of lining, padding and chin straps and be of the type as not to distort the view of the driver. The Commissioner of the Department of Public Safety is hereby authorized to approve or disapprove protective headgear and eye-protective devices sold and required herein, and to issue and enforce regulations establishing standards and specifications for approval thereof. The Commissioner shall publish lists of all approved protective headgear and eye-protective devices by name and type. Provided, however, the Department may not recommend one brand in preference to another if quality is identical." It is an established principle of constitutional law that in order for a statute to be within the police power of the State, its provisions must be reasonably related to the public health, safety, and welfare. See Gorham v. Oklahoma Liquefied Petroleum Gas Board, 235 F. Supp. 406; Ozark Butane Company v. Oklahoma Liquefied Petroleum Gas Board,85 S.Ct. 932, 380 U.S. 928, 13 L.Ed. 817. The Oklahoma Supreme Court stated in Semke v. State ex rel., Oklahoma Motor Vehicle Commission, 465 P.2d 441 (1970): "The Legislature may, in proper exercise of police power, define and declare what is deemed injurious to public health, morals, safety and general welfare." The Oklahoma Court of Criminal Appeals stated in Doyle v. State,511 P.2d 1133 (1973): "Generally, in construing the reasonableness of legislation as applicable to the legislative exercise of police power, the presumption is in favor of reasonableness and validity of law." The Court further stated that: "When the exercise of the police power bears a reasonable relationship to a legitimate purpose, the courts may not interfere." The Supreme Court of the State of Colorado in Love v. Bell, 465 P.2d 118
(1970), recently decided a class action suit which sought a declaratory judgment concerning the constitutionality of a statute requiring motorcyclists to wear protective headgear. The Colorado Statute, CRS 1963, 13-5-159, provides in part: "No person shall operate any motorcycle or motor-driven cycle on any public highway in this state unless such person and any passenger thereon is wearing securely fastened on his head a protective helmet designed to deflect blows, resist penetration, and spread the force of impact; . . ." The Colorado Supreme Court in Love, supra, decided the case basically on three elements: (1) the protection of the rider himself; (2) the public financial safety, and (3) the health, safety and welfare of the rest of the motoring public. The Colorado Supreme Court stated: "To say that statutes which protect the individual from serious bodily harm or death are per se unconstitutional as not bearing a reasonable relationship to the public health, safety, and welfare is to apply a most shallow concept to the doctrine of police power of the State. Such a concept would require us to hold unconstitutional hunter safety laws, laws requiring life jackets in boats, laws requiring workers in certain occupations to wear protective devices, a result which we are not prepared to adopt in the name of the 'right to be let alone'." (Emphasis added) The Supreme Court of Colorado further found that the statute bore a reasonable relationship to the protection of the motoring public involved in accidents with motorcycle riders which might be required to respond in damages more heavily than might be the case if the motorcycle driver passenger were wearing a helmet. The third and final basis for the Court's decision was the conceivable danger to the general motoring public from accidents with a motorcyclist caused by loss of control of vehicle due to being struck by a foreign object while not wearing a helmet. The Colorado Supreme Court further listed a number of states which have upheld the reasonableness of state statutes requiring the wearing of protective helmets. Although there are some states that have held contra, the above case appears to be well reasoned and clearly in point in upholding the constitutionality of a state statute requiring a motorcyclist to wear a protective helmet. Accordingly, Attorney General Opinion No. 68-267 concerning the constitutionality of 47 O.S. 40-105 [47-40-105] (1968), is hereby overruled. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Title 47 O.S. 40-105 [47-40-105](G) as amended by House Bill 1228 enacted June 4, 1975, is constitutional. (David K. McCurdy)