**AMERICAN PAVING COMPANY,**
Petitioner-below, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent-below, Appellee.

Superior Court of Delaware,
New Castle.

Submitted March 25, 1977.

Decided Aug. 4, 1977.

John A. Sergovic, Jr., of Tunnell & Raysor, Georgetown, for petitioner-below, appellant.

John P. Fedele, Deputy Atty. Gen., Wilmington, for Director of Revenue.

O'HARA, Judge.

On October 16, 1973, the Delaware Division of Revenue assessed American Paving Company, a nonresident corporation, with delinquent license taxes pursuant to 30 Del.C., Chapter 25. The license taxes allegedly arose out of the performance by American Paving Company of 51 contracts between June 24, 1969 and October 16, 1973. The assessments were challenged by appellant before the State Tax Appeal Board ("Board"). That body found the assessments to have been proper and American Paving Company appealed. It should be noted that the parties agreed, as did the Board, that as to eight contracts (those dated May 15, 1969, June 3, 1969, June 3, 1969, June 8, 1969, June 8, 1969, June 11, 1969, June 22, 1969 and June 24, 1969 respectively), the assessments had been based upon the wrong statute. The Board, consequently, ordered an appropriate adjustment.

On appeal, American Paving Company offers three arguments. Appellant first asserts that 30 Del.C. § 2502, which operates to impose the relevant license fees, is unconstitutional as interpreted by the Director of Revenue in that it imposes a greater burden in the form of license fees upon nonresident contractors (such as appellant) than upon resident contractors. Although the Board viewed this constitutional question as having been raised, it did not reach it.

Clearly, the interpretation of § 2502 offered by the Director of Revenue and accepted by the Board does impose a greater burden upon a nonresident contracting corporation than upon a resident one. According to this interpretation, a resident would be obligated to pay one license fee equaling, at all times relevant to the issues here, $30.00 a year in order to engage in business in Delaware as a contractor. A nonresident, however, would be obligated to obtain a license (at the same fee) *for every single contract* in which the gross amount of the contract exceeded $1,000.00.

Being a corporation, American Paving Company admits that it is not protected under the privileges and immunities clause of the fourteenth amendment to the United States Constitution. However, appellant presents a two-pronged argument. It argues first, that the statute is unconstitutional on its face as it purports to discriminate between resident and nonresident *individuals* as well as corporations and must,

therefore, fall. Second, it argues that the statute is unconstitutional as applied to appellant in that it violates due process and equal protection.

With regard to the first prong, the case law is clear that this Court need not assess the constitutional validity of a statute as applied to a hypothetical situation. E. g., *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *People v. Serrata*, 62 Cal.App.3d 9, 133 Cal.Rptr. 144 (1976). Except where first amendment rights may be chilled, or no other forum appears available for the eventual vindication of the constitutional rights involved, the Court will consider only the application of the statute to the case at hand. See, e. g., *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

As to the second prong of appellant's constitutional argument, the Court has examined case law relevant to the merits and has found much support for the validity of statutes such as the one here involved which tends to differentiate between resident and nonresident corporations. *Lincoln Nat. Life Ins. Co. v. Read*, 325 U.S. 673, 65 S.Ct. 1220, 89 L.Ed. 1861 (1945); *Prudential Ins. Co. v. Benjamin*, 328 U.S. 408, 66 S.Ct. 1142, 90 L.Ed. 1342 (1946); *Gorum v. Oklahoma Liquefied Petroleum Gas Board*, W.D.Okl., 235 F.Supp. 406 (1964). The Court, therefore, finds that, as applied here, § 2502 is not constitutionally infirm and will stand.

Next, appellant offers the argument that a 1971 amendment to § 2502(b) indicates that the legislature does not intend the statute to be interpreted so as to make this differentiation and impose upon non-resident corporations the burden of obtaining license after license for every contract in Delaware in excess of $1,000.00. The Court finds this argument totally unpersuasive. Indeed, the language of § 2502, as amended in 1971 and as it exists today, is clear:

"Any nonresident person desiring to engage in business in this State as a contractor shall be subject to the same requirements as a resident contractor *except that, in addition, a nonresident shall obtain a license for each single contract in which the gross amount of that contract is in excess of $1,000.*" . . . (Emphasis added).

These words can have no meaning other than to obligate American Paving Company to obtain a license for each and every contract in excess of $1,000.00.

Finally, § 2103(e) is raised by appellant as a bar to assessment vis-a-vis some of the contracts. That provision establishes a three year limitation upon the assessment of unpaid license fees or taxes. However, subsection (e) also provides that:

". . . The limitation of 3 years to the assessment of such additional amount due shall not apply to the assessment of additional amounts due upon returns, license applications or statements which are fraudulent, *or where no such returns, license applications or statements have been filed* or where the amounts shown on said returns, license applications or statements are grossly understated." (Emphasis added).

Despite appellant's contention that payment of gross receipt fees as to every contract is the same as applying for a license with respect to each, no evidence has been presented showing that any *application* for a license was ever *filed*. The legislature's use of the word "filed" indicates to the Court that payment of gross receipt fees is insufficient. In absence of evidence of such "filing", the Court concludes that the limitation set by § 2103(e) is no bar to any of the assessments.

For the reasons stated, the decision of the Board should be upheld.

IT IS SO ORDERED.