UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLIED COLLOIDS, INCORPORATED,
Plaintiff-Appellee,

v.                                                                No. 96-2078

JADAIR, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CA-96-256)

Submitted: January 28, 1998

Decided: March 16, 1998

Before WIDENER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ross R. Kinney, Waukesha, Wisconsin; D. Wayne Hines, Virginia
Beach, Virginia, for Appellant. Stephen E. Story, Megan E. Burns,
KAUFMAN & CANOLES, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jadair, Inc., appeals from the district court's order granting a default judgment in favor of Allied Colloids, Inc., in this diversity action. For the reasons that follow, we affirm. Allied Colloids, a New York corporation, filed suit against Jadair, a Wisconsin corporation, in March 1996, alleging nonpayment for products sold to Jadair. Jadair's sole owner and president, David Schmutzler, filed an answer on behalf of the corporation. By order entered April 4, 1996, the district court rejected Schmutzler's answer on the grounds that "a corporation may not respond except through duly authorized counsel." The order further stated that "[u]nless [Jadair] files a proper response, it will be found in default."

Jadair then filed a second answer signed by Ross R. Kinney, an attorney licensed to practice in Wisconsin. Kinney subsequently filed a motion requesting that the district court authorize him to appear before it for purposes of representing Jadair. By order entered May 17, 1996, the district court denied Kinney's motion, and, in a separate order, granted Jadair an extension of time, until June 1, 1996, to associate local counsel and file a proper response.* Jadair failed to comply with the district court's order, however, and on July 8, 1996, the district court entered default judgment in favor of Allied Colloids. Jadair appeals.

We review the district court's award of default judgment for abuse of discretion. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). Jadair first claims that neither the Federal Rules of Civil Procedure nor Title 28, United States Code, expressly require that a corporation's answer be filed by

_____

*Local Rule 6(F) provides, in part, that "[a]ny counsel presenting papers, suits or pleadings for filing, or making an appearance, must be members of the bar of this Court, or must have counsel who are members of the bar of this Court to join in the pleading by endorsement." See E.D. Va. Loc. R. 6(F). Kinney is not licensed to practice before the Supreme Court of Virginia and, therefore, is ineligible for admission to practice before the district court. See E.D. Va. Loc. R. 6(A).

2

an attorney. However, almost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (citations omitted)).

Nor do we find merit in Jadair's second contention that requiring it to associate local counsel violates the Privileges and Immunities Clause and its rights to due process and equal protection. Cf. Martin v. Walton, 368 U.S. 25, 26 (1961); Asbury Hosp. v. Cass County, 326 U.S. 207, 210-11 (corporations are not citizens protected by Privileges and Immunities Clauses); Goldfarb v. Supreme Court of Virginia, 766 F.2d 859 (4th Cir. 1985) (similar rule was rational and did not violate due process). Accordingly, we find that the district court did not abuse its discretion in entering default judgment in favor of Allied Colloids. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3